HO'UCK, Appellant, v. HULT, et al, Respondents.

(245 N. W. 469.)

(File No. 6801.   Opinion filed November 18, 1932.)

*O'Keeffe & Stephens,* of Pierre, for Appellant.

*Bogue & Bogue,* of Parker, for Respondents A. N. and Mathilda Anderson.

*Gunderson & Gunderson,* of Vermillion, for Respondent Hult.

RUDOLPH, J. In 1920, the defendant Anderson agreed to purchase from the defendant Hult certain lands in Clay county. On March 1, 1921, the sale was consummated, and at that time Anderson gave to Hult two notes in the sum of $5,000 each, and secured the same by a mortgage on the Clay county land. One of the notes was due March 1, 1922, and the other was due March 1, 1923. Subsequent to the Anderson-Hult transaction, Hult made a contract with the plaintiff for the purchase of certain land in Potter county, S. D. In. this contract it was provided that the two notes, which Anderson had given to Hult in the sum of $5,000 each, secured by a real estate mortgage upon the land in Clay county, were to be assigned by the defendant Hult to the plaintiff in part payment of the Potter county land. Hult did not comply with the terms of his contract to purchase the Potter county land, and, in 1921, the plaintiff commenced an action in Potter county against the defendant Hult for the specific performance of this contract. At the time this Potter county action was commenced, the plaintiff filed in the office of register of deeds of Clay county, S. D., a notice of lis pendens stating "that the purpose of said action is in part to require the defendant to specifically perform his contract, to assign to the plaintiff a certain mortgage given to secure the payment of one note of Five Thousand Dollars ($5,000) due on or before March 1, 1922, and one note of Five Thousand Dollars ($5,000) due or or before March 1, 1923, which mortgage is upon (the Clay County land)." On October 16, 1922, a judgment was rendered in the Potter county action against the defendant Hult , and in this judgment it was provided that Hult was to assign, transfer, and deliver to plaintiff the two $5,000 notes, and the mortgage securing them. Hult never complied with this judgment. On the 27th day of October, 1922, there was filed in the office of register of deeds of Clay county a satisfaction of mortgage signed by the defendant Hult, dated June 9, 1922, and acknowledged November 2, 1922, purporting to satisfy the Anderson mortgage given upon the Clay county land. On the 26th day

of May, 1925, there was filed with the register of deeds of Clay county another satisfaction of mortgage signed by the defendant Hult, dated the 25th day of May, 1925, and acknowledged the 25th day of May, 1925, purporting to satisfy the same Anderson mortgage upon the same land.

This present proceeding was commenced in 1927 in the circuit court of Clay county seeking the cancellation and the setting aside of the two satisfactions of mortgage. The plaintiff alleges that the said satisfactions were executed as the result of a conspiracy between the defendants Anderson and Hult for the purpose of defeating the judgment and decree of the circuit court of Potter county, wherein it was provided that the said Hult should assign the said notes and mortgage, and for the further purpose of defeating the plaintiff in the collection of the mortgage debt; also that the satisfactions were received by the defendants Andersons with knowledge of the Potter county judgment. The complaint further alleges that the defendants Andersons have, in fact, never paid anything upon these notes and mortgage, and that the mortgage at this time remains wholly unsatisfied; and asks for a foreclosure of the mortgage for the benefit of the plaintiff. The defendants answered, and issue was joined upon the issues raised by the complaint. The case was tried in the circuit court of Clay county before the court without a jury, and the court made findings of fact, conclusions of law, and entered judgment in favor of the plaintiff. Thereafter the defendants made a motion for a new trial, which was granted by the trial court. The order granting the new trial was before this court in the case of Houck v. Hult, 58 S. D. 181, 235 N. W. 512. The trial court, as a result of the opinion and order of this court, entered, nunc pro tunc, as of the date of his previous order granting a new trial, another order purporting to comply with the letter and spirit of rule 30. Thereafter the plaintiff made a motion in this court seeking to have the judgment of the lower court affirmed for the alleged reason that the nunc pro tunc order entered by the trial court did not comply with the prior order of this court. This motion was brought on for hearing by an order to show cause, and, after a hearing, the motion was denied. The matter is now before us on its merits; the plaintiff having appealed, from the order granting a new trial.

█ The appellant by his first assignment of error attempts to raise the propriety and authority of this court in ordering the entry of the nunc pro tunc order, referred to above. We are of the opinion that the propriety and authority of this court to enter that order was fully determined upon the former appeal. We rely upon the disposition made in the former opinion. The appellant also seeks to attack the sufficiency of the nunc pro tunc order. The sufficiency of this order was before this court upon the hearing of the motion, and we are not inclined to dispose of the matter any different at this time than it was disposed of by the order entered upon the motion.

█ The second assignment of error, in effect, goes to the merits and challenges the authority of the trial court to grant a new trial. One of the reasons of the trial court for granting a new trial was the insufficiency of the evidence to sustain certain findings of fact that he had made. In this connection it might be well to very briefly state the issue involved and summarize the evidence. The issue was the payment and satisfaction of the notes and mortgage given by the Andersons to Hult; the defendants, of course, asserting payment, and the plaintiff denying payment. The defendant Anderson testified that on the 9th day of June, 1922, he paid these notes by delivering to Hult Liberty bonds of the face value of $9,700 and $300 in cash; that at the time of this transaction only he and Hult were present; that Hult at that time delivered the notes and mortgage to him, but did not execute a satisfaction; and that the satisfaction of the mortgage was not executed until some time in the following October. Hult was called for cross-examination before trial, and at that time gave a story completely different from the testimony of Anderson and the testimony he gave at the trial. His testimony was so evasive and filled with so many inconsistencies that it would be difficult for this court to conceive of the trial court giving any weight to the testimony of Hult. It is contended by the respondent, however, that Hult was seeking to keep from the appellant the actual facts for the purpose of making it impossible for the appellant to reach the property that he had received from Anderson and subject the same to levy and sale under execution. From this record we are inclined to believe that the trial judge, after signing the judgment in this case, became convinced

that he might have discredited the testimony of Anderson to a greater extent than he should on account of the palpable untruth of Hult's testimony, and, that he might again have the opportunity to review the matter granted this new trial.

We have given what we believe careful consideration to this record. This printed record discloses that Anderson's testimony, while not so palpably untrue as that of Hult, nevertheless, contained statements of situations and circumstances which were so improbable that the trial court was fully justified in giving little or no weight to the testimony as a whole, and entering the judgment he did enter. However, the whole question involved, is the credibility of the witnesses and the weight to be given the testimony. This court has consistently announced the rule that a motion for a new trial upon questions of fact is addressed to the sound discretion of the trial court, and the decision of such court in granting or refusing the same will not be disturbed by the appellate tribunal, unless it appears affirmatively from the record that there has been an abuse of such discretion, and further that a clearer case is required to authorize a reversal of an order granting a motion for a new trial than is required to reverse an order overruling such motion. These rules are so firmly established in our law that citation of authority is no longer necessary. The reason for the rule that an order granting a new trial on the ground of the insufficiency of the evidence will be reversed only where there has been an abuse of discretion is that the trial judge, who has had the opportunity to observe the appearance and demeanor of witnesses, is in a better position to intelligently weigh oral evidence than is this court which merely reads an abstract of that evidence. Therefore, while it appears from the printed abstract that there was ample justification for the trial court to give little or no weight to the testimony of Anderson, yet we are not willing to go so far as to say that the trial court abused his discretion in coming to the conclusion that perhaps he had discredited Anderson's testimony to a greater extent than the circumstances warranted. We say this because we appreciate that the effect and the weight to be given to the testimony of the witnesses will be determined by the trial judge largely by what he sees and hears at the trial of the case. In this case the whole matter rests upon

the weight to be given the testimony of Anderson and Hult. There was no evidence of payment other than the testimony of these two witnesses. We therefore are of the opinion that it cannot be said that the trial court abused its discretion in granting a new trial.

██ ██ The appellant next contends that, even if it were in the discretion of the trial court to grant a new trial on the grounds of the insufficiency of the evidence, nevertheless the trial court erred in granting this new trial because, as a matter of law under the facts here established, the appellant was entitled to judgment. The appellant bases this contention upon the lis pendens filed in Clay county at the time of commencement of the Potter county action. The appellant contends that the filing of this lis pendens in Clay county gave constructive notice to the defendants Andersons of the judgment finally rendered in the Potter county action, and that any payment made by the Andersons, after the filing of this lis pendens, was made with constructive notice of the final determination of the Potter county court, which was that the plaintiff was the owner of the notes and mortgage in question, and entitled to the possession thereof. With this contention of the plaintiff we are unable to agree. Our statute relating to the notice of lis pendens and filing of such notice is section 2334, Rev. Code 1919, which provides: "In an action affecting the title to real property the plaintiff, at the time of filing the complaint or at any time afterwards, or the defendant when he sets up an affirmative cause of action in his answer and demands substantive relief, at the time of filing his answer or at any time afterwards, if the same be intended to affect real property, may file for record with the register of deeds of each county in which the real property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and the description of the real property in that county affected thereby; from the time of filing only shall be pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby."

The statute limits the doctrine of constructive notice through the medium of the filing of a lis pendens to actions affecting the title to real property. The filing of a lis pendens has no application to personal property. Calkins v. First National Bank, 20 S. D. 466, 107 N. W. 675. This Potter county action did not affect

the title to the Clay county land. The title to the Clay county land was not in any way in litigation. The plaintiff in the Potter county action was seeking only to reach the notes and mortgage secured upon the Clay county land.

The appellant relies to a great extent upon the case of McVay v. Tousley, 20 S. D. 258, 105 N. W. 932, 129 Am. St. Rep. 927, but that case is not analogous to this case. There the question before the court was the rights of subsequent purchasers of property which was directly involved in an action to set aside a release and to foreclose a mortgage upon that property, and which action had been dismissed and the lis pendens which had been filed at the commencement of the action cancelled of record.

We are of the opinion that title to the Clay county land was not affected by the Potter county action and that the lis pendens did not impart constructive notice of that action.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.