HOUCK, Appellant, v. HULT, et al, Respondents.

(258 N. W. 142.)

(File No. 7680. Opinion filed December 17, 1934.)

*O'Keeffe & Stephens,* of Pierre, for Appellant.

*Alan Bogue,* of Parker, for Respondents A. N. and Mathilda Anderson.

ROBERTS, P. J. Plaintiff appeals from an adverse judgment and order overruling motion for new trial. This is an action to cancel and set aside satisfactions of a mortgage executed by defendant Walter Wallace Hult to the defendants A. N. Anderson and Mathilda Anderson, to reinstate the mortgage as a valid lien, to recover of the defendants A. N. Anderson and Mathilda

Anderson such sum as shall by the court be found to be due upon the mortgage, and for a foreclosure thereof. This case has previously been before this court. The opinions are reported in 58 S. D. 181, 235 N. W. 512, and Id., 60 S. D. 570, 245 N. W. 469, where an order of the trial court granting defendants a new trial was affirmed.

Defendant A. N. Anderson purchased a 40-acre tract situate in Clay county from defendant Hult on August 18, 1920, at the agreed consideration of $12,000, and paid to Hult $2,000 in cash. Anderson and his wife on March 1, 1921, executed and delivered to Hult a mortgage on this land securing two notes in the sum of $5,000 each, one note due March 1, 1922, and the other note due March 1, 1923.

On August 30, 1920, defendant Hult contracted with the plaintiff for the purchase of a half section of land in Potter county at the agreed consideration of $21,760, and as a part of the consideration Hult agreed to assign to plaintiff the notes and mortgage which the Andersons agreed to execute and deliver to Hult and paid in cash the sum of $200. Hult failed to assign the notes and mortgage under the terms of the contract, and Houck commenced an action in the circuit court of Potter county for specific performance of the contract. Judgment was recovered decreeing that Hult should assign the notes and mortgage executed by the Andersons, and, if he failed to make the assignment, the clerk of courts of Potter county was appointed as a commissioner to make an assignment on behalf of Hult. Transcripts of the judgment in the circuit court of Potter county were filed in Clay and Union counties and executions were issued thereon to the sheriffs of such counties which were returned unsatisfied. The alleged ground upon which plaintiff sought relief was that the satisfactions of the mortgage were fraudulently executed, and that defendants A. N. Anderson and Hult conspired to defeat plaintiff in the collection of the mortgage debt. Defendants deny that there was fraud or collusion, and allege as an affirmative defense that Anderson paid the mortgage debt to Hult.

The trial court found that on June 9, 1922, Hult went to the place of business of A. N. Anderson in Centerville and stated "that he needed about $2,000; that the defendant Anderson studied it over for a while and said 'If you will take bonds, I think I can

pay you the whole 'business'; that negotiations were commenced then between the two parties, and Hult agreed to accept Government bonds at their face value, in payment of the said notes and mortgage, and agreed to throw off the interest from March 1st, 1922, up to June 9th, 1922, on the said notes and mortgage; that the said Hult did not have the notes and mortgage with him, but went to his father's home in Clay County, about seven miles from Centerville, where he was staying at that time, and got his father to unlock a safety deposit box which he had in his house and give him the notes and mortgage, and that he then returned to Centerville, to Mr. Anderson's place of business with the said notes and mortgage, and the defendant Anderson turned over to the said Hult, $9,700 in Government Bonds and $300 in Silver Certificates, making a total amount of $10,000 which Mr. Anderson paid to the said Hult at that time; that it was after banking hours when the business was transacted between Anderson and Hult, and it was too late to get into a bank to secure a satisfaction of said mortgage, on the evening of June 9, 1922; that the defendant Anderson told Mr. Hult they could get the satisfaction fixed up at a later date, and that at said time, namely, June 9, 1922, the said notes and the mortgage were delivered to Mr. Anderson by Mr. Hult, and on each of the said notes was endorsed the following words, 'Paid June 9th, 1922,' by Mr. Hult, and the mortgage was marked cancelled by the said Hult, and that said documents were delivered to the said Anderson on said date, and he has had the same in his possession ever since; that thereafter and on the 27th day of October, 1922, and just before Mr. Anderson and his family were about to go to California to spend the winter, he recalled that this satisfaction had not been completed, and he phoned Mr. Hult to come to Centerville and execute a satisfaction of said mortgage; that thereupon the said Hult came to Centerville and executed a satisfaction; * * * that the notary public made a mistake in filling in his certificate of acknowledgment on said satisfaction and dated the same the 2d day of November, 1922, when it should have been dated the 27th day of October, 1922"; and "that thereafter and at a later date, and on or about the 25th day of March, 1925, Mr. Anderson discovered for the first time that the acknowledgment on the satisfaction referred to above was faulty and that he procured from Walter Hult another satisfaction of said mort-

gage." The court further found that the Andersons did not have any knowledge or information concerning the contract between Hult and plaintiff, and acted in good faith and without knowledge of any of the facts or circumstances relating thereto when payment of the notes was made.

The sole question presented is whether the evidence is sufficient to sustain the decision of the trial court to the effect that the two notes secured by the mortgage were paid in full, and that no conspiracy was entered into between Anderson and Hult to defeat the rights of the plaintiff. The specific contention of plaintiff is that the testimony of Hult and Anderson concerning the details of the alleged payment is so unreasonable as to challenge the credulity of the court. It is not the function of this court to place itself in the position of the trial court to determine the credibility of witnesses and the weight to be attached to their testimony and to exercise independent judgment as to whether it would have made the same or similar fact determination. It was with the trial court, as the trier of questions of fact, to accept as true or reject as untrue testimony given before it, and, the credibility of witnesses having entered into the findings, this court will not disturb such findings unless the evidence clearly preponderates against them. Churchill & Alden Co. v. Ramsey, 50 S. D. 73, 208 N. W. 406; Meloy v. Well, 53 S. D. 388, 220 N. W. 863; Agnew v. Agnew, 58 S. D. 164, 235 N. W. 644. The power thus vested in a trial court may not, of course, be arbitrarily exercised; it is the duty of the court to disregard testimony of a witness which is so unreasonable as to challenge the credulty of the court. Polluck v. M. & St. L. R. Co., 45 S. D. 210, 186 N. W. 830; Buboltz v. C., M. & St. P. R. Co., 47 S. D. 512, 199 N. W. 782. The testimony of Hult, as contended by counsel for plaintiff, concerning disposition of the bonds, is fanciful and incredible, but this would not require the courts to disbelieve his testimony corroborating Anderson with respect to payment. Gunsul v. Gunsul, 47 S. D. 388, 199 N. W. 243. We have carefully considered the evidence, and, applying these familiar rules relative to the effect to be given to the findings of the trial court, we conclude that the findings must be sustained.

The judgment and order appealed from are affirmed.

All the Judges concur.