NORTHWEST FINANCE CO., Respondent, v. BOTTUM et al, Appellant

(14 N. W.2d 492.)

(File No. 8723. Opinion filed May 12, 1944.)

**George T. Mickelson,** Atty. Gen., **Benj. D. Mintener,** Asst. Atty. Gen., for Defendants and Appellants.

**F. W. Noll,** of Aberdeen, for Plaintiff and Respondent.

RUDOLPH, J   The respondent has moved to dismiss this appeal. The judgment from which the appeal purports to be taken was entered on March 27, 1943. For the purpose

of this opinion it may be assumed that notice of entry of judgment was served upon the appellant on March 29, 1943. On March 10, 1944, the appellant served notice of appeal from the judgment.

Prior to July 1, 1943 and at the time the judgment was entered, the time within which to appeal from a judgment was fixed by SDC 33.0702 which provided as follows: "An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. Every other appeal allowed must be taken within one year after the judgment shall be signed, attested, and filed."

This section of our Code was amended by Ch. 124, Laws of 1943, and the last sentence thereof as now amended reads: "Every other appeal allowed must be taken within six months after the judgment shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party."

Respondent contends, where written notice of the entry of the judgment was given prior to the effective date of the 1943 amendment, that, under such amendment, the time to appeal from a judgment would expire, in any event, at the end of six months after July 1, 1943, the effective date of the amendment. Respondent relies upon the recent decision of this court in the case of City of Plankinton et al. v. Kieffer, 69 S. D. 597, 13 N. W.2d 298. This court there held that it was not the intention of the legislature to give the amendment retroactive operation so as to terminate the right of appeal which existed at the time the amendment took effect. Under the present facts the right of appeal which existed at the time the amendment took effect extended for one year after March 27, 1943, the date the judgment was signed, attested and filed, and the appeal was taken prior to the expiration of the year.

Respondent, however, contends that under the rule of the North Dakota case, Wilson v. Kryger, 26 N. D. 77, 143 N. W. 764, 766, 51 L. R. A., N. S., 760, which was cited in the City of Plankinton opinion, appellants' right of appeal expired, in any event, at the end of six months after the

effective date of the 1943 amendment. We think it should be clear that the North Dakota case was cited only in support of the holding that a statute which modifies the time for appeal will generally not be given retroactive effect unless it is clear that it was so intended. Obviously, that part of the North Dakota opinion which held that the right to appeal from judgments entered prior to the effective date of the act would continue not to exceed six months after that date has no application to the act which we are considering. This act does not simply shorten the time in which an appeal might be taken, but unlike the North Dakota act, it fixes a new condition to start the running of such time. Under this new act the time within which an appeal might be taken does not commence to run until the service of notice of entry of judgment. This differentiates our statute from North Dakota act. We have held the new act prospective in its application only, and this holding applies to the effect of the service of notice of entry of judgment, as well as to the time fixed within which to appeal. It follows we believe that a service of a notice of entry of judgment prior to the effective date of the 1943 act has no bearing on the time within which an appeal might be taken. The service of the notice by the respondent did not affect appellants' time within which to appeal as it existed at the time the notice was served, and the new act having prospective application only, did not give such notice any different effect.

The motion to dismiss the appeal is denied.

All the Judges concur, except Smith, J. not sitting.