JOHNSON, Appellant, v. OLSON, Respondent.

(17 N. W.2d 697.)

(File No. 8735. Opinion filed February 16, 1945.)

**John Carl Mundt** and **B. O. Stordahl**, both of Sioux Falls, for Appellant.

**Harold Bogue**, of Canton, and **Alan Bougue**, of Sioux Falls, for Respondent.

SMITH, P. J.   The question for decision arises under a motion to dismiss this appeal from a judgment and an order dismissing a motion for a new trial.   The contention is that Ch. 124, Laws of 1943, which became effective after the entry of the judgment, governed appellant's procedure, and that as the motion for new trial was made, and the subsequent appeal was taken, after the time fixed by that act had elapsed, the appeal should be dismissed.

The judgment was entered on the 6th day of May, 1943. The statute, SDC 33.0702, then read as follows:   "An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing.   Every other appeal allowed must be taken within one year after the judgment shall be signed, attested, and filed."

As of July 1, 1943, the last sentence of the quoted statute was amended to read:   "Every other appeal allowed must be taken within six months after the judgment shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party."   Ch. 124, Laws of 1943.

On July 10, 1943, the respondent gave written notice to appellant and her counsel of the entry of the judgment on May 6, 1943.   Thereafter, on January 21, 1944, and more than six months after the service of the above-described notice of entry of the judgment, appellant served an application for a new trial.   The motion for new trial was heard on February 2, 1944.   The trial court ruled that Ch. 124, Laws of 1943, governed appellant's procedure and that the motion for new trial was untimely.   See SDC 33.1610 and Rempfer v. Jordan, 57 S. D. 142, 231 N. W. 527.   An order dismissing the motion for new trial was entered on February

19, 1944. Thereafter, on April 22, 1944, appellant perfected this appeal from the judgment and from the order dismissing her motion for a new trial.

It will be observed that the notice of entry of judgment was served after the effective date of the amendment, and the appeal to this court was perfected well within one year from the time the judgment was signed, attested, and filed, as provided by the original provisions of the act, and well beyond six months from the date of the service of the notice of entry of judgment as provided by Ch. 124, Laws of 1943. As we have indicated, respondent asserts that amendment controls and the judgment became final as of six months after July 10, 1943.

In two cases lately considered this court has said that Ch. 124, Laws of 1943, fails to reflect a legislative intention to terminate a right of appeal which existed as of its effective date. Northwest Finance Company v. Bottum, 70 S. D., 14 N. W.2d 492; City of Plankinton v. Kieffer, 69 S. D. 597, 13 N. W.2d 298. In resisting the motion to dismiss, appellant relies upon those adjudications. The respondent asserts that those decisions are readily distinguishable from the case at bar on their facts, for the reason that in neither case had the adverse party given appellant written notice of the entry of the judgment after the effective date of the amendment, nor had the six-month period limited by the amendment run after the date of a notice so given. Respondent relies upon Union Investment Company v. Schonebaum et al., 40 S. D. 378, 167 N. W. 398. We pause to analyze that case.

In that case this court was required to construe Ch. 201, Laws of 1917, which reduced the two-year period in which appeals were formerly allowed under § 442, C. C. P., Rev. Code 1903, to one year. The amendment became effective on July 1, 1917, less than one year after the entry of the judgment then under consideration. The appeal was taken more than one year, but less than two years, after the perfection of the judgment. The contention there made was that the right of appeal expired at the end of one year from the perfection of the judgment. In overruling the motion to dismiss the appeal this court said, "It seems clear to us that

the Legislature intended, upon the one hand, not to summarily terminate any existing right of appeal, and, upon the other hand, not to allow any period of more than one year in which to take an appeal after July 1, 1917. We are therefore of the opinion that, as to judgments perfected prior to July 1, 1917, the amendment gives a full year, and no more, from July 1, 1917, in which to take an appeal, * * *."

We undersand the position of respondent to be that the foregoing language commits this court to a rule of construction which impels the following conclusions with reference to the operation of Ch. 124, Laws of 1943, on judgments entered prior to July 1, 1943, viz., (1) that the Legislature intended to grant no more than a period of one year from the date of entry of any such judgment in which to appeal, but (2) if more than six months of such period remained on July 1, 1943, the Legislature intended to authorize the adverse party to shorten that remaining period to six months by then serving a notice of entry of the judgment.

As the appeal in Union Investment Company v. Schonebaum, supra, was taken within one year of July 1, 1917, and within two years of the perfection of the judgment, it is manifest that determination of the application of the amendment there considered to an appeal taken within the two-year period of the former provision, but more than one year after the effective date of the amendment, was not necessary to the decision, and in so far as the quoted language of the opinion deals with such an appeal, it constitutes obiter dictum. Union Investment Company v. Schonebaum is as readily distinguishable on its facts from the case at bar as are the above-cited recent adjudications upon which appellant relies. That which is so strenuously urged here, viz., that the full period allowed by the amendment in which to appeal had run after July 1, is absent from the factual background of all three of our cited adjudications.

That the Legislature could have used the facts emphasized by respondent as a basis for classification and so have phrased the amendment as to make it clear that it intended the act to apply to judgments of that class, we do not doubt. However, it did not do so. Interpreted literally, the provision it enacted applies indifferently to all judgments,

whether entered before or after the effective date of the act. Because it is obvious that the Legislature was attempting to establish a rule for the future which would expedite litigation, we held in City Plankinton v. Kieffer and in Northwest Finance Company v. Bottum, supra, that the act was not intended to operate retroactively. The overwhelming weight of authority supports that view. 4 C. J. S., Appeal and Error, p. 887, § 430; Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A. L. R. 200.

Under the original act, the time for appeal dated from the entry of the judgment and continued for one year. Unlike the act under consideration in Union Investment Co. v. Schonebaum, Ch. 124, Laws of 1943, does not merely shorten the period during which an appeal could formerly have been taken. It creates a new and different time limitation dating from the service of a notice of entry. Action by one of the parties starts the period of limitation.

We think it unreasonable to believe that the Legislature intended to authorize a party to serve a notice of entry under the amendment and thereby interrupt the running of the period fixed by the original law. We therefore hold that the Legislature intended the amendment to operate prospectively and to apply only to judgments entered on or after July 1, 1943. It follows that the appeal was timely.

The motion to dismiss is denied.

POLLEY, ROBERTS and SICKEL, JJ., concur.
RUDOLPH, J., disqualified.