JOHNSON, Appellant, v. OLSON, Respondent.

(20 N. W.2d 226.)

(File No. 8735. Opinion filed October 10, 1945.)

**John Carl Mundt,** and **B. O. Stordahl,** both of Sioux Fall, for Appellant.

**Harold Bogue,** of Canton, and **Alan Bogue,** of Vermillion, for Respondent.

SMITH, P.J.  The plaintiff seeks specific performance of a contract of adoption.  The trial court found that the alleged contract was never made, and entered judgment for defendant.  Plaintiff has appealed.

Error is predicated upon the refusal of the trial court to hear and determine plaintiff's application for a new trial. The application was grounded upon surprise and insufficiency of the evidence to justify the findings of the court.  As will appear from the opinion in Johnson v. Olson, 70 S. D. 348, 17 N. W.2d 697, the trial court erroneously concluded that the aplication was untimely and that it was without

jurisdiction to hear and determine the same. It therefore entered an order dismissing plaintiff's motion.

The defendant urges that the application for new trial should be deemed denied and that our review of the record should proceed upon that basis. This contention is made under SDC 33.1608 which provides that if an application for a new trial has not been determined within forty days from the date of the application, it shall be deemed denied. We are of the opinion that the ends of justice will not be served by such a ruling.

■■ A motion for a new trial upon the grounds urged by plaintiff is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed by this court in the absence of a clear showing of abuse of discretion. Houck v. Hult, 60 S. D. 570, 245 N. W. 469; Root v. Bingham, 26 S. D. 118, 128 N. W. 132, and see Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874. A trial court is thus clothed with a broad discretion to afford litigants with an important and essential safeguard against a miscarriage of justice. In a case where the findings rest upon conflicting testimony and the credibility of witnesses is involved, this power of the trial court to order a re-examintion of an issue of fact may constitute a defeated litigant's sole source of relief from an unjust result. See Houck v. Hult, supra. A litigant, who has made a proper and timely application, is entitled to have it considered on its merits. Until the trial court has actually exercised the discretion with which it is vested, the proceeding is without substance.

■■ The statute urged by defendant contemplates a consideration of the merits of the application, and but provides the court with a method of announcing an adverse ruling. In such case it will be presumed that the court performed his duty. In our opinion, it is without application, where the record affirmatively establishes that the court refused to consider the merits of an application.

■ In the case at bar the order of the trial court recites that the application was dismissed for the reason that it deemed itself without jurisdiction to hear and determine the same. That this was error has been deter-

mined. Johnson v. Olson, supra. An examination of the record discloses that the evidence was in sharp conflict and that the court's decision involves the credibility of witnesses. It is manifest that plaintiff suffered prejudice through the erroneous dismissal of his appeal to the discretion of the trial court, and that the cause should be remanded to the trial court so as to afford it a full and fair opportunity to hear and consider the merits of plaintiff's application.

Consideration of plaintiff's remaining assignments of error will be delayed until the time shall have expired within which an appeal may be taken from whatever order the trial court may make in response to the application for new trial.

Our order will be that the cause be remanded to the trial court with directions to hear and determine the application of plaintiff for a new trial.

POLLEY, ROBERTS, and SICKEL, JJ., concur.

RUDOLPH, J., disqualified.