McVAY, Appellant, v. N. & L. MOTOR SALES, INC. et al.,
Respondents

(44 N. W.2d 609)

(File No. 9127. Opinion filed November 14, 1950)
Rehearing denied December 26, 1950

**Wm. S. Glanzer,** Bridgewater, for Appellent.
**Dana & Maron,** Sioux Falls, for Respondents.

SICKEL, J.   Plaintiff's complaint alleges that he was defrauded in the purchase of an automobile from defendants. The case was tried to a jury and a verdict was returned for the plaintiff in the sum of $590.80.   Defendants' application for a new trial was granted and plaintiff appealed.

Appellant contends that the application for a new trial was not determined by the circuit court within forty days after the presentation thereof, and that it is therefore deemed denied.   SDC 33.1608 provides:   "If an application for new trial has not been determined by the Court within forty days from date of making such application, it shall be deemed denied."   SDC 33.1610 contains the following statement: "The Judge shall make and file the order granting or denying such new trial within forty days after the presentation of such motion or application."   It is to be observed that the language of these two sections differs somewhat in fixing the time when the forty-day limitation commences.   SDC 33.1608 provides that the limitation period shall start from the date of "making" such application, while SDC 33.1610 refers to the "presentation" of the motion as the time when the limitation commences to run.

The verdict in this case was rendered on May 21, 1949.   Application for a new trial was submitted to the court on May 28, 1949, and on the same day it was ordered that the application be heard on June 4, 1949.   Service of the application and order was admitted by counsel for the plaintiff on May 28, 1949.   No extension of time for making and presenting the motion was requested or granted, and it was heard at the time so fixed by the court.   The fact that the court, at the hearing, requested or allowed the filing of

briefs by counsel could not operate as an extension of the time for presenting the application, for the matter had already been presented to the court. We therefore hold that the forty-day limitation commenced to run on June 5th and expired on July 14th, 1949. The order granting a new trial was not made and entered until September 20th, 1949. It is claimed, and not disputed, that this date was nine days after the calling of the calendar for the next jury term of the circuit court in Minnehaha County.

The question then is whether the motion for new trial was denied by operation of law when the limitation expired SDC 33.1608 provides that after the expiration of the forty-day limitation the application "shall be deemed denied". A similar statutory expression was before the supreme court of Montana in State ex rel. Sinko v. District Court, 64 Mont. 181, 208 P. 952, 955. It was there held that the word "deemed" is equivalent to, or synonymous with, the words "considered", "determined", and "adjudged". The court said: "* * * where something is by statute 'deemed' to have been done, it is to be treated as having been done." The court said that after the time for deciding the motion for a new trial has expired, the court has lost jurisdiction to do anything more.

In Oregon the statute provides: "The motion [for a new trial] shall be heard and determined by the court within fifty-five (55) days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the said motion shall conclusively be taken and deemed as denied." Code Supp. 1935, § 2-803. This statute was considered by the supreme court of Oregon in Nendel v. Meyers, 162 Or. 661, 94 P.2d 680, 681. An order granting a new trial was not entered until the time provided by statute had expired and the court said: "The court had no jurisdiction over the matter. Since the court failed to act within the time fixed by statute, the motion was conclusively deemed to have been denied. It remains only to reinstate the judgment." Similar statutes have been considered by the courts of California. They hold that such statutes are both mandatory and jurisdictional; that the

courts have no power to grant a motion for a new trial after the expiration of the time limited by statute; that failure of the court to act within the statutory period is, by operation of law, equivalent to a denial of the motion on the last day of the statutory period. Lancel v. Postlethwaite, 172 Cal. 326, 156 P. 486, 487; Voinich v. Poe, 52 Cal.App. 597, 199 P. 74; Kraft v. Lampton, 13 Cal.App.2d 596. 57 P.2d 171. These statutes were "designed to secure a speedy determination of a motion for a new trial, and thus to obviate one of the many delays preceding the review by an appellate court of the proceedings of the trial court." Lancel v. Postlethwaite, supra.

Respondent relies upon the case of Johnson v. Olson, 70 S.D. 617, 20 N.W.2d 226. In that case the circuit court declined to consider an application for a new trial on the ground that it was without jurisdiction to hear and determine it. This court held on appeal that the circuit court did have jurisdiction to hear and decide the motion at the time it was presented and that SDC 33.1608 was without application where the circuit court refused or declined to consider the application on its merits. The cause was remanded to the circuit court with directions to hear and determine the application.

For the reasons stated, the order granting a new trial is reversed.