HAFNER, Appellant, v. BURKE, Respondent

(51 N. W.2d 872)

(File No. 9192. Opinion filed February 26, 1952)

**Smiley & Clark,** Belle Fourche, for Appellant.
**Penfold & Overpeck,** Belle Fourche, for Respondent.

ROBERTS, J. The allegations of the complaint are to the effect that defendant is indebted to plaintiff for the handling of 13,482 pounds of wool during the year 1947 at one cent per pound.

Defendant answered alleging that plaintiff agreed to handle the wool at one-half cent per pound; that plaintiff has refused to accept the amount due under the agreement and tendered by defendant; and that since such tender defendant has at all times been and still is ready and willing to pay the same and tenders the amount into court.

After trial the court found (1) that plaintiff agreed to perform the services at an agreed charge of one-half cent per pound for wool handled by him for defendant and (2) that defendant is indebted to plaintiff in the amount tendered. The question on this appeal is the sufficiency of the evidence to sustain the findings.

Plaintiff maintains a warehouse at Newell, South Dakota, for the storage and shipment of wool belonging to others. He solicited the handling of wool produced by defendant and four other ranchers who were accustomed to pool for purposes of shipment and sale their annual production of wool. There is substantial agreement as to a conversation on or about July 1, 1947, between plaintiff and a member of the group. Plaintiff then stated that if the owners negotiated a sale of their wool, his handling charge would be one cent per pound. The reply to this was that the charge was not satisfactory. There was, however, a conflict in the testimony tending to support plaintiff's case and that tending to sustain defendant's claim. When asked to relate what plaintiff said to him in a telephone conversation on July 6, 1947, Harry J. Devereaux, a member of the group referred to, answered: "As I remember it, Mr. Hafner said, 'What is the matter with those partners of yours?' I said, 'I

don't believe there is anything the matter with them. What do you mean?' And he said, 'Why don't they bring in their wool?' * * * I said, 'We just don't want to pay $20 a ton for handling it'. We had quite a lot of conversation and finally I suggested to Mr. Hafner we had handled our wool there for many years, that was the handiest place for us to handle it and warehouse it. I said, 'Why don't you take half a cent a pound and let us do business with you?' And he said, 'All right; have them bring it in'. And he suggested that I come to Newell and have a talk with him." According to plaintiff there was no agreement as claimed by Mr. Devereaux. Plaintiff claims that he stated to Mr. Devereaux that if he would come to Newell, plaintiff would then explain the basis upon which the wool could be handled at a half cent rate; that Mr. Devereaux did not confer with him before delivery of the wool; and that defendant and his associates received benefit of services for which one cent per pound was a reasonable charge.

Plaintiff argues that we cannot ignore the fact that Mr. Devereaux paid the one cent charge on wool handled for him. It appears from his testimony that he made the payment not as a concession of the correctness of plaintiff's claim but for the purpose of ending the controversy. According to his testimony he said to plaintiff at the time of the settlement: "I'm not going to quarrel with you about this. I'm just going to pay you what you want me pay as far as I'm concerned, but these other boys told you definitely they would not pay more than fifty cents a hundred."

Plaintiff contends that the allegations of his complaint and proof entitle him to recover upon an implied contract to pay the reasonable worth of his services or as sometimes expressed upon quantum meruit. We are cited to authority for the rule that where plaintiff alleges a contract to pay for services and upon trial fails to prove a contract, but proves the performance of the services and the reasonable value, he is entitled to recover upon quantum meruit. The difficulty with plaintiff's contention is that when it appears that the parties agreed upon the price to be paid then the right to recovery is restricted to the amount fixed. Defendant submitted evidence of a stipulated price. An

issue of fact was presented and although there was conflict in the evidence we cannot say that the findings of the trial court were contrary to the clear preponderance of the evidence. As often stated, it is not for this court to usurp the function of the trial court by attempting to weigh the evidence or to determine the weight and credit to be given to the testimony of witnesses. Houck v. Hult, 63 S. D. 290, 258 N.W. 142; Johnson v. Olson, 71 S. D. 486, 26 N.W.2d 132.

The judgment is affirmed.

All the Judges concur.