KREMER, Respondent v. BLACK HILLS DUDE RANCH & DEVELOPMENT COMPANY et al., Appellants

(58 N. W.2d 304)

(File No. 9285. Opinion filed April 30, 1953)

**Parker & Parker,** Deadwood, for Defendants and Appellants.

**W. M. Bennett,** Buffalo, for Plaintiff and Respondent.

LEEDOM, J.   This appeal raises questions as to whether or not the promissory note of the defendant husband and wife, made and delivered to the plaintiff at a time when the defendant husband was in jail on a criminal complaint instigated by plaintiff, was invalid for want of consideration and because consent to the obligation was obtained through duress.   The circuit court found that there was adequate consideration and that the note was not signed through coercion. The record supports such findings and so we affirm the judgment entered below against defendants who brought the appeal.

The appellant husband was arrested and placed in jail in Montana in a criminal action instituted by the deputy county attorney on the oral complaint of respondent.   The offense charged was "grand larceny as bailee" and involved funds

which according to the claim of respondent belonged to him and were unlawfully detained by appellant. The whole controversy arose through the appellant husband's activity as a sub-agent of respondent in the sale of insurance policies. According to the testimony of respondent the promissory note involved was given in a compromise settlement of a disputed obligation; but the appellant husband and wife testified the note would not have been given except for appellants' state of mind created by respondent's threats to send the husband to the penitentiary and was signed only as a means of getting him out of jail; and that there was no real obligation on the insurance account in any amount whatever.

■ ■ In Erck v. Bachand, 69 S.D. 330, 10 N.W.2d 518, 520, and cases there cited it has been held that threats of prosecution for crime fall within the statutory definition of duress, which when present destroys the consent necessary to a binding obligation. SDC 10.0305. Under the authority of these cases a threat by respondent to press a prosecution already instigated, or a promise to desist, made to gain consent to a claimed obligation, would be embraced within the statutory meaning of duress. Whether or not any such threat or promise is made in a given case must be decided in the first instance by the trial judge. The rule by which such decision should be made is laid down in Erck v. Bachand, supra, and the authorities therein cited and discussed. Under that rule the trial court, before holding invalid the note here involved on account of duress, would have to find "clear and satisfactory evidence" that appellants' apparent consent to the obligation as evidenced by their admitted signatures was obtained through duress as that term is defined in such authorities.

■ ■ Immediately after the note was given the criminal action was dismissed on motion of the county attorney for the reasons as shown by the record in that action that there had been a satisfactory settlement with the "plaintiff" (the State of Montana was plaintiff) and that the jurisdiction did not lie in the county where the charge had been filed. The record reveals direct conflict of testimony on several questions including those as to whether or not respondent made any threats or promises in connection with the

pending criminal prosecution, and whether or not the appellant husband owed respondent any obligation that would constitute consideration for the note. Out of such conflict the trial court did not find clear and satisfactory evidence of duress, and did find adequate consideration. The trial court was quite clearly confronted with the problem of veracity of witnesses. Under these circumstances we will not disturb the trial court's findings unless the evidence clearly preponderates against them, nor usurp its function by attempting to weigh the evidence or determine the credit to be given the testimony of witnesses. Crawford v. Carter, 74 S.D. 316, 52 N.W.2d 302, and Hafner v. Burke, 74 S.D. 291, 51 N.W.2d 872, and cases cited therein. It is our opinion the record reveals no clear preponderance of evidence against the conclusions reached by the trial court on either the issue of duress or of consideration.

The judgment from which the appeal is taken is affirmed.

All the Judges concur.