GREENE, Respondent v. WIESE et al., Appellants

(69 N. W.2d 325)

(File No. 9451.   Opinion filed March 16, 1955)

**John Carl Mundt,** Sioux Falls, for Defendant and Appellant.

**Claude A. Hamilton, Thomas J. Barron,** Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J.   On September 29, 1944, the plaintiff entered into a written lease with the defendant Otto Wiese by the terms of which Wiese agreed to farm certain land belonging to the plaintiff in Minnehaha County for a term commencing March 1, 1945, and ending February 28, 1946.   Defendant remained in possession after the expiration of the written lease and tilled the land from 1946 to 1953, inclusive. The defendants, Peter N. and Dorothy Swier, purchased the land described in the lease on August 4, 1953.   Plaintiff on the following day gave written notice to the defendant Wiese to vacate the leased premises on or before February 28, 1954. Lessor then brought this action under the Uniform Declaratory Judgments Law, SDC 37.01, to secure a judgment declaring the rights of the parties in the leased premises.

The material portions of the trial court's findings are as follows:

"That on or about May 7, 1953, plaintiff informed the defendant Wiese that she was going to sell said farm and offered it to him, and several times from May 7, 1953 down to August 2, 1953, renewed the offer to sell to the defendant and repeatedly told him she was going to sell said farm; that said defendant did not accept said offer.

"That on or about the 5th day of August, 1953, the plaintiff notified the said defendant, Otto Wiese,

not to do any fall plowing on said property. That despite said notice, and the notice of said sale, the defendant, Otto Wiese, has engaged in plowing said land and told the plaintiff that he would not surrender possession on March 1, 1954 or any time prior thereto, that he intended to hold said property during the entire farming year 1954.

"That the defendants, Peter N. Swier and Dorothy Swier, in order to complete the said contract for purchase above referred to, must sell the farm which they now own located in the State of Minnesota, that it is their intention and desire to move on to the property above described March 1, 1954 in order to farm same; that plaintiff will be unable to fulfill the terms of her contract with the defendants, Peter N. Swier and Dorothy Swier, if the defendant, Otto Wiese, fails and refuses to surrender possession of said property on or before March 1, 1954; that the plaintiff and the defendants, Peter N. Swier and Dorothy Swier, will suffer irreparable damage if the defendant, Otto Wiese, fails and refuses to surrender possession of said property on or before said date; that there is an actual dispute between the plaintiff and the defendant, Otto Wiese, as to the date of expiration of the latter's right to possession of said property."

The trial court concluded that the lease had not been renewed or extended and that all rights of the defendant Wiese would cease and terminate on February 28, 1954. Judgment accordingly was entered. Defendant Wiese appealed.

Appellant contends that since the plaintiff had an adequate remedy in forcible entry and detainer and since the rights of the parties were dependent upon an issue of fact and not upon a construction of the written lease the present action did not come within the scope of the Declaratory Judgment Law. There existed between the parties a genuine and substantial controversy with respect to a renewal of the lease. In discussing such a situation, Professor Borchard in his work on Declaratory Judgments, 2d Ed., pp. 627 et

seq., says: "A lessor, * * * deeming himself entitled to refuse the lessee's demand for renewal on a stated ground but doubtful of his position * * * may institute an action for a declaration to establish the correctness of his legal position. * * * In most of these cases the opportunity of the lessor to know in advance whether the lessee is entitled to a renewal saves him and probably other parties the dangers, losses, and embarrassment consequent upon mistaken action in leasing to another while the present lessee had a subsisting option and privilege of renewal. Future certainty and stability are thereby assured to all parties to the transaction."

■ ■ While there is some conflict in the decisions dealing with declaratory judgment actions as to whether or not a remedy in law or equity bars declaratory relief, the courts are in agreement that there is no justification ordinarily for the refusal of a declaratory judgment where such remedy is not adequate and available. 16 Am.Jur., Declaratory Judgments, § 13; Annotation 172 A.L.R. 847. The essential distinction between an action for declaratory judgment and the ordinary action is that in the former the rights are not usually in praesenti and hence an actual wrong need not have been committed or a loss have occurred. Danforth v. City of Yankton, 71 S.D. 406, 25 N.W.2d 50. The claim of appellant made uncertain the performance of the contract of purchase between plaintiff and the Swiers. An action in forcible entry and detainer after the expiration of the lease would have come too late; declaratory relief was necessity to the preservation of rights which might otherwise have been impaired or lost. The claim that the legal remedy for forcible entry and detainer is exclusive and precluded declaratory relief is untenable.

■ Equally unavailing is the contention that an action for declaratory judgment is not maintainable where factual questions are presented. SDC 37.0101 provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations * * *." SDC 37.0109, recognizing that issues of fact in such a proceeding may be tried, provides: "When a proceeding under this chapter involves the determination of an issue of fact, such issue may be tried and determined in the

same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." It is apparent that a controversy is not withdrawn from the scope of the act merely because it involves disputed questions of fact. In Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 465, 81 L.Ed. 617, 108 A.L.R. 1000, the Supreme Court of the United States in construing the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, said: "That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences." A declaration will not be made in a matter where the interest of the plaintiff is merely contingent or in anticipation of an event that may never happen. See Heller v. Shapiro, 208 Wis. 310, 242 N.W. 174, 87 A.L.R. 1201; 16 Am.Jur., Declaratory Judgments, § 20. That is not the situation that we have here. Appellant claimed that the written lease had been modified by an executed oral agreement extending the term of the lease for one year from March 1, 1954. While the time of the asserted renewal was in the future, the claim was presently being made and was dependent upon an existing state of facts as distinguished from remote, contingent and uncertain events that may never happen. In 16 Am.Jur., Declaratory Judgments, § 20, the principle is stated: "Where a declaratory judgment as to a disputed fact would be determinative of issues, rather than a construction of definite stated rights, status and other relations, commonly expressed in written instruments, the case is not one for declaratory judgment." But in view of the circumstance that a judgment declaring the duration of the tenancy or status of the parties coud not be rendered until the disputed question of fact was determined, the issue presented was not one merely of fact but involved a status or legal relation between the parties within the purview of the statute.

■ The contention that the findings of the trial court are not supported by the evidence does not require extended discussion. An examination of the record shows that the testimony as to a modification of the written lease by an exe-

cuted oral agreement extending its term for one year was in sharp conflict. We cannot say that the trial court was not justified in believing plaintiff and her witnesses. The findings of the trial court are not against the clear preponderance of the evidence, and must therefore be sustained. Houck v. Hult, 63 S.D. 290, 258 N.W. 142.

The judgment appealed from is affirmed.
All the Judges concur.