JOHNSON et al., Respondents v. MIER, Appellant

(73 N.W.2d 342)

(File No. 9521. Opinion filed December 6, 1955)

**John Carl Mundt,** Sioux Falls, for Defendant and Appellant.

**Royhl & Benson,** Huron, for Plaintiffs and Respondents.

ROBERTS, J. This is an action for an accounting incident to a farm lease. Hearing was had on the application of

plaintiff for the appointment of a receiver at which hearing defendant appeared by counsel. The application was granted. Defendant answered, denied that that he had violated terms of the lease and by way of counterclaim sought to recover for cost of combining and materials furnished. The court found for the plaintiffs and defendant has appealed.

Plaintiffs were the owners of a 320 acre farm in Kingsbury County. As a result of negotiations about August 30, 1950, it was agreed by the plaintiff Theodore Johnson and defendant that the latter would rent the farm for a term of one year beginning March 1, 1951. The agreement between the parties was never reduced to writing. A dispute arose as to the terms of the lease. A phase of the controversy resulted in the conviction of defendant for assult. See State v. Mier, 74 S.D. 515, 55 N.W.2d 74. The court found that defendant was indebted to the plaintiffs in the sum of $610.38 and that defendant was entitled to credit for materials and supplies purchased and expenses incurred in the sum of $89.81. Defendant challenges the sufficiency of the evidence to sustain the court's findings (1) that defendant agreed to harvest the small grain by the use of a binder and was not entitled to reimbursement by plaintiffs for one half the cost of combining; (2) that defendant agreed to pay $3.50 per acre for pasture and hay land; (3) that in addition to $232.79 payable on February 26, 1951, for oats purchased from plaintiffs, defendant owed interest from that date; (4) that defendant was not entitled to recover rent for grain bins on the farm and for hauling to market plaintiffs' share of the small grain; (5) that defendant was not entitled to recover from plaintiffs for damage or destruction of corn either in the field or otherwise; (6) and that the reasonable value of the service of the receiver was $85.

The controversy presented is essentially one of fact. The question of the weight of the evidence and credibility of the witnesses was for the trial court and we have said many times that where there is a conflict of evidence and there is no clear preponderance therof against the findings of the trial court, they will not be disturbed upon appeal. Hafner v. Burke, 74 S.D. 291, 51 N.W.2d 872; Kremer

v. Black Hills Dude Ranch & Development Co., 75 S.D. 26, 58 N.W.2d 304.

■ We have examined the evidence with this rule in mind. It is undisputed that plaintiffs were to furnish seed for small grain and receive one half of the crop and that defendant was to furnish seed for corn and plaintiffs were to receive one third of that crop. We first consider the evidence as to the agreement of the parties relative to harvesting and marketing of the small grain. This was the storm center of the controversy. Plaintiff Theodore Johnson testified that defendant agreed to bind and thresh the small grain and haul such grain from the threshing machine either to an elevator in DeSmet or Erwin where division would be made by weight. There is nothing unusual or incredible about such an agreement. Theodore Johnson was the owner of seven farms in close proximity. Plaintiffs and the tenants on these farms worked cooperatively as a threshing ring and threshed the grain thereon. Contentions of defendant are somewhat inconsistent with allegations of his amended answer. Referring to a conversation with the plaintiff Erling Johnson, he therein states "that his (defendant) doctor had advised him it was impossible for defendant to pitch bundles and shovel grain; that thus it made it impossible for defendant to participate in the threshing ring as he had planned. That defendant as a consequence had decided to swath the small grain and combine the same and to that end would purchase a new combine." Defendant testified that under the terms of the oral lease he had the option of threshing or combining, but this the plaintiffs in their testimony deny.

We have considered the evidence as to the cash rental for pasture and hay land and whether there was an agreement to defer payment of the oats purchased by defendant to October 1, 1951. There was a sharp conflict in the evidence and it was for the trial court to decide whom it could believe.

■■ We find no evidence in the record to sustain the contention that plaintiff became liable for destruction of corn. It appears that at the termination of defendant's lease he left 14 acres of standing corn. The tenant who thereafter occupied the farm left the corn standing until he

had seeded other farm lands and then preparatory to seeding disked under the standing corn. This was about two months after the expiration of defendant's lease. There is no evidence that plaintiffs disked under the corn or directed it to be done. Nor do we find any evidence in the record sustaining the claim that defendant was entitled to recover for rent of grain bins on the farm. The basis of this contention appears to be that defendant was deprived of their use. There was no agreement as to rental and the testimony of the plaintiffs was that at the time of the commencement and during he term of the lease three of the six grain bins on the farm were available for use by the defendant.

■ Defendant claims that the trial court failed to take notice of the contents of affidavits submitted by plaintiffs in support of a preliminary motion. It is claimed that these affidavits are at variance with testimony of plaintiffs given at the trial and because of the conflicting statements they stand so discredited as to deprive their evidence of probative force and effect. A condition precedent to direct contradiction of witnesses by previous statements is the laying of a proper foundation . Defendant made no attempt to lay a foundation for admission in evidence of such affidavits either for impeachment purposes or declarations against interest. The witnesses were not given an opportunity to explain the alleged contradictory statements. Catlett v. Stokes, 33 S.D. 278, 145 N.W. 554. While the question is not before us, it would appear that the alleged contradictory statements were not material to the main issues.

■ The amount of compensation to be awarded a receiver for services rendered is a matter within the sound discretion of the trial court. 75 C.J.S., Receivers, § 388. Contrary to contention of defendant no hearing was necessary to determine the value of services if there was sufficient information upon which the court could exercise a sound discretion. The court having heard the testimony in the case was fully cognizant of the nature, character and extent of the services rendered by the receiver.

The judgment appealed from is affirmed.

All the Judges concur.