TERRACE PARK DAIRY, Respondent
v.
SURFACE ENGINEERING COMPANY, Appellant

(158 N.W.2d 685)

(File No. 10390. Opinion filed May 13, 1968)

**John E. Burke** and **Richard Hopewell,** Sioux Falls, for plaintiff and respondent.

**Woods, Fuller, Shultz & Smith** and **Merle Johnson,** Sioux Falls, for defendant and appellant.

BIEGELMEIER, Judge.

The complaint alleged defendant manufactured and sold a product, which the evidence showed was called Secoton, to its franchised dealer for application on plaintiff's new cooling room; that it negligently failed to include on the product proper directions for use as well as a warning that the solvent in the product was so penetrating it might penetrate and spoil dairy products of plaintiff, which it should have known, foreseen and anticipated; that as a result of this negligence dairy products of plaintiff were destroyed. There was a jury verdict for defendant which appeals from an order granting a new trial.

The application for new trial was submitted to the court June 16, 1966, ordered to be heard on June 30, 1966 and the order granting a new trial entered September 6, 1966. Defendant claims the trial court was without jurisdiction to enter the order. SDC 1960 Supp. 33.1608 provides: "If an application for new trial has not been determined by the Court within forty days from date of making such application, it shall be deemed denied." The court in McVay v. N. & L. Motor Sales, 73 S.D. 497, 44 N.W.2d 609, concluded the 40-day limitation commenced to run the day after the application was ordered to be heard, and reversed the order granting a new trial entered more than 40 days thereafter. The court cited a Montana opinion holding the trial court "lost jurisdiction"; quoted from an Oregon opinion that the trial court had " 'no jurisdiction' " and California opinions that such statutes are both mandatory and jurisdictional. Johnson v. Olson, 70 S.D. 617, 20 N.W.2d 226, was differentiated as there the trial court declined to consider the application for new trial on the ground it was without jurisdiction to hear it. This court held it did have jurisdiction and remanded it to the trial court to hear and determine the application.

The McVay opinion, quoting from Lancel v. Postlethwaite, 172 Cal. 326, 156 P. 486, states these statutes and court rules were " 'designed to secure a speedy determination of a motion for a new trial, and thus to obviate one of the many delays preceding the review by an appellate court of the proceedings of the trial court.' " If the statute or rule results in hardship, it should be changed, yet as long as it remains it should be given effect. Mention is made that authorization to extend the time within which the acts required by SDC 1960 Supp. 33.16, within limitations, appeared in SDC 1960 Supp. 33.1610 and now in RCP 59(b). No such order was applied for or entered here.

The order granting a new trial is reversed.

HANSON, P. J., and ROBERTS, J., and LUND, Circuit Judge, sitting for RENTTO, J., disqualified, concur.

HOMEYER, J., dissents.