Shirley BERG and Thomas Neidlinger,
Plaintiffs and Respondents,

v.

Rosamond KREMERS and Larry Kremers,
Defendants and Appellants.

Civ. No. 8752.

Supreme Court of North Dakota.

Nov. 18, 1971.

Rehearing Denied Jan. 10, 1972.

Traynor & Traynor, Devils Lake, for plaintiffs and respondents.

Faegre & Benson, Minneapolis, Minn., and Duffy & Haugland, Devils Lake, for defendants and appellants.

STRUTZ, Chief Justice.

This matter has been before this court on two previous occasions. On the first appeal, we held that where the trial court had entered judgment on a part of the issues in the suit, but had not adjudicated all of the issues raised and did not express a determination that there was no just reason for delay, such judgment was interlocutory and not final, and therefore not appealable. N.D.R.Civ.P. 54(b); Berg v. Kremers, 154 N.W.2d 911 (N.D.1967). On the second appeal, this court affirmed, with a slight modification, the judgment of the trial court ordering partition of the land involved in the action. Berg v. Kremers, 181 N.W.2d 730 (N.D.1970). Thereafter, the receiver made his final report and accounting, which was approved and allowed by the trial court. This appeal is from the judgment allowing and confirming such final report and accounting, covering the receiver's administration of his receivership for the years 1968, 1969, 1970, and part of 1971 until the hearing on the final report in February of 1971. The defendants and appellants demand a trial de novo in this court.

The issues raised on this appeal relate to such matters as fees paid to the receiver, repairs which the receiver made to the

property during the course of his receivership, the payment of certain taxes demanded by the Internal Revenue Service of the United States, the failure of the trial court to require the receiver to file verified receipts for certain items of income and expense, and a demand for rental for grain storage in the steel bin belonging to the appellant Rosamond Kremers. All of these are matters for judicial determination which are peculiarly in the discretion of the trial court. For example, the trial court approved the fees paid to the receiver. As a general rule, in the absence of a statute fixing such fees, the compensation of a receiver is to be fixed, in the exercise of its sound discretion, by the court which appointed him. 75 C.J.S. Receivers § 388a, p. 1059.

The trial court had ordered the receiver to make limited repairs. The receiver presented and filed, with his final report and accounting, checks, bank statements, and vouchers to show payment of such repairs and the payment of the costs of the receivership. Such accounting obviously satisfied the trial court of the correctness of the report and the validity of such expenses. The fact that a verified receipt was not taken for the expenditures of the receivership is not a ground for denying such expenditures. The trial judge had the receiver before him. He heard him testify as to the correctness of his accounting and was satisfied with the evidence given. The determination of the correctness of such report and accounting by the trial court will not be disturbed on appeal unless clear abuse of discretion is shown. Patterson v. Ward, 6 N.D. 609, 72 N.W. 1013 (1897).

Other courts seem to follow the same rule. In South Dakota, it has been held that the amount of compensation for a receiver for services is within the sound discretion of the trial court. Johnson v. Mier, 76 S.D. 109, 73 N.W.2d 342 (1955); Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601 (1958).

The only issue raised by the defendants and appellants on this appeal which might appear to have any merit is the demand for rental for grain stored in the steel bin on the farm which belonged to the appellant Rosamond Kremers. However, a careful review of the record discloses that the appellants had received twice as much summer fallowing as was received by the respondents; that Rosamond Kremers received the proceeds of the 1965 crop, which she retained for the entire period of the receivership without payment of interest; and that in any event the defendants and appellants wholly failed to introduce any competent evidence as to the value of the use of the granary for storage. We therefore believe that the trial court, in the light of the above, properly refused to allow rental to the appellant Rosamond Kremers for the use of such storage facilities.

The items complained of being clearly matters of judicial determination, and peculiarly within the discretion of the trial court, the trial court's determination of such matters will not be disturbed on appeal except in case of clear abuse of discretion. No abuse of discretion having been shown, the judgment appealed from is affirmed.

TEIGEN, KNUDSON and PAULSON, JJ., and HAMILTON E. ENGLERT, District Judge, concur.

RALPH J. ERICKSTAD, J., deeming himself disqualified did not participate; HAMILTON E. ENGLERT, Judge of the First Judicial District, sitting in his stead.