Mr. Chief Justice TANEY
 

 delivered the opinion
 
 of
 
 the court.
 

 This, case depends upon the construction and operation of the statutes of limitation of the State of Illinois, and comes before us upon a certificate of division betweén the judges of the Circuit Court.
 

 
 *778
 
 It. is an action of covenant, brought in 1843, upon causes of action which accrued before 1827, The defendant pleaded the statute of limitations; to which the plaintiff replied, that, at the time the causes of action accrued, he was in parts beyond •vthe limits of the State, and has ever since remained, and yet is, beyond the ,limits of the State. The defendant, demurred to this, replication, and the plaintiff joined in demurrer.
 

 An act - for the limitation' of actions was passed on the 10th of February', 1827, by which it was, among other things, provided, that every action for the performance of covenants should “ be commenced within sixteen years after the cause of such action should have accrued, and not after.” But, by a proviso in the seventh section of the act, it is declared, that every person who was or should be, at the time of such cause of action, beyond the limits of the 'State, might institute his action within •the time limitéd in the act, after coming within the State. Af-terwards, by a law passed February 11, 1837, it was enacted, that this proviso should not be held to extend to" any .non-resident, unless such non-resident was under thé age of twenty-one years, insane, or feme covert.
 

 Upoii the argument of the demurrer, the following points arose, upon which the judges were opposed in opinion^ and which have been certified to this court: —
 

 “
 
 1st. Whether the statute of 1827 begins to' run from the time of the repeal of the saving' clause in 1837, or from the tinie the ‘debt becáme due.
 

 'u
 
 2d. Whether the statute began to run before, administration was granted.
 

 ,“3d. Whether the period which elapsed between the two administrations mentioned in the replication is to be deducted,. from the period of the statute of limitations of 1827.”
 

 Previous to the act of 1827, there, was no. law of the State of Illinois which limited the time, within which an action of covenant should be brought; and, consequently, there was no restriction as to the period within which a suit might be instituted' upon, the cause of action now in question! The same thing was the case after the passage of this act, as long as the plaintiff continued beyond the limits of the State. For, until he came into it, the proviso above-mentioned excluded this cause of action from the operation of the statute. And as the plaintiff did not come- into the State, there was no* limitation running against:it until the passage of the .act- of 1837. This act, by repealing the saving contained in. the -former law, broughtnhe claim within its provisions, and subjected it to the limitations therein contained.
 

 The-question is, From what time is this limitation to be cál-
 
 *779
 
 culated ? Upon principle, it would seem to be clear, that it must commence when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided. For it is. at that time that the statute first acts upon it, and limits the period within which' suit must be brought. ’Such is obviously the policy and intention of the Illinois statute of limitations. For if the plaintiff had come into the State the day before the act of 1837 was passed, and by that means subjected his cause of action to the provisions of "the former law, the limitation would have commenced running on that day, and his action would not have been barred until the expiration of sixteen years afterwards. * For the act of 1827 gave him sixteen years from the time he brought his - cause of action within its operation.
 

 He did not, however, conje into the State; and his cause of action was brought within the limitation of that law, not by' his own act, but by another law. ' Can there be any reason for a different run of limitation in the latter case, from that which the law itself has provided in the former ? The construction and object and policy of the act of 1827 must be the same in both instances ;• and the act of 1837 makes’ no change in it in that respect. It merely subjects the cause of action to its limitations, and does precisely what the plaintiff himself would have done, if he had come into the State, — that is to say, it brought the plaintiff within the limitations of the former law, and subjected him to the restrictions therein contained.
 

 The question, however, has been, already decided in this court in the case of Ross et al.
 
 v.
 
 Duval et al., 13 Pet. 62. In .that case a.saving clause in a statute of limitations of Virginia, similar to the one contained in the Illinois law, had beeh repealed by a subsequent statute. And this court decided, that, against the persons embraced in the saving clause of the original law, limitations would not begin to run until the time of the repeal; and.that the party was entitled to the full period of limitation prescribed in the original act, commencing from ' the date .of the repealing law.
 

 A passage in the report of that case, m page 64, was cited in the argument, as maintaining a contrary doctrine. But it will be found to be entirely consistent with what the court, had previously said. It relates to claims included in a statute of limitations, when, from the language of the law, it may. b'e justly inferred that the legislature intended to embrace a périod of time already past, during which the party had omitted to sue, yet still leaving him reasonable time to prosecute his claim. But the rule there stated can have no application to. the
 
 *780
 
 case, before Us; for this claim was not embraced in, nor operated upon by, the statute of limitations- of 1827. It was brought within it by the subsequent law. And that law makes no new limitations as to. past or future time, and. merely subjects the cause of action to the provisions of the original law. The passage above mentioned, therefore, cannot apply to it, and is not inconsistent with what had before been said in relation to the effect of a law repealing a saving in a.former act of limitations.
 

 Under this-view of the subject, the court is of opinion, upon the first point in the certificaté of division, that the statute of 1827 begins to run from the time of the repeal.of the saving clause in 1837, and not before; and will direct it to be so certified to the Circuit Court.
 

 And as this decision disposes of the whole case presented by the demurrer, the other points do not arise; and‘it is unnecessary to examine them.
 

 Mr. Justice McLEAN.
 

 I dissent from the opinion just pronounced. It overrules a solemn decision of this court in the case of Ross et al.
 
 v.
 
 Duval et al., 13 Peters, 57. Andas that'opinion is. relied on as sustaining the decision now given, I shall examine it.
 

 The judgment of the court in that case was placed upon two grounds. First,' that the action was barred under the statute of Tirginia of 1792. That act provided, that where an execution had not issued on a judgment, it might be revived within ten years, of where an execution was issued, and there was no return, other executions might be issued within the ten years from the rendition of the judgment. There was a saving in the act in behalf of infants and persons beyond the Commonwealth, “ giving five years after the removal of thé disability to'proceed on the judgment.”
 

 By the act of 1826, the saving in the act of 1792 was repealed, but the time of the bar was to be computed, as specially provided, from the time of the repeal of the saving.
 

 The court considered the act of 1792 as a limitation on the judgment,- and, as more than ten years had elapsed, that all proceedings on the judgment were barred. There was nothing in the pleadings or evidence which showed that the plaintiff was within the saving of the statute.
 

 And the court remark, — “ There is another, view of this case, which, though not much considered in the -argument, is deemed important by the court.” “ And this arises under the process act of 1828,” <fcc. “ If the act of 1792, or any part of it, is to be considered as a process act merely, and not'an act of limitations.
 
 *781
 
 the act of 1828 makes it the law of Congress for the State of Virginia, and gives immediate effect to it.” “ If it be viewed as aii ■ ct of limitations merely, and not for the regulation of process, it then takes effect , as a rule of property, and is a rule of decision in the courts of the United States under the thirty-fourth section of the Judiciary Act.” “ In either case, effect, is .given to the act of 1792, and it is decisive of the present con-tr'oversy.”
 

 But if it be considered, as contended, an act of limitations adopted by the act of 1828, the court are to give a construction to the act of 1828-. If this' be clear in its provisions, we are bound to give effect to it, although it may, to some extent, vary the construction of the act of 1792. And this is no violation of the rule that this court will regard the. settled construction of a State statute as a rule of decision. For in this case the construction of the State law, in regard to the effect it shall have, is controlled by the paramount law of- Congress.”
 

 ■ “ The judgment in the Circuit Court was entered in 1821, so that seven years of the ten years’ limitation of the act of 1792 had run when it was adopted by the act of 1828. Now the question is, shall no effect be given to this act of Congress in Virginia before its passage, because of the construction by the Virginia courts of the act of 1792 ? ”
 

 “It must be recollected, that this .act of 1828 is a national law, and was intended to operate in the national courts in every State. As it regards some of the States, it may at first have-operated less beneficially in them than in others
 
 ;
 
 but its provisions took immediate effect in all the States.”
 

 “ It is a sound principle, that where a statute of limitations-prescribes the time within which- suit shall be brought, or an act done, and a- part of the time has elapsed, effect may be- ■ given to the act; and the time yet tó run, being a reasonable part of the whole time, will be considered the limitation, in the mind of the legislature in such cases.”
 

 “ There may be some contradictory decisions on this point, in-some of the States; which have been influenced by local-considerations, and the peculiar language or policy of certain acts'of limitations. But the rule is believed to be founded on. principle and authority.”
 

 I have cited largely from the above .decision, to show that the point was distinctly considered and decided, as arising under the act of 1828, that effect may be given to a statute of limitations, where a part of the time has run but a reasonable part of the- whole time has yet to run.. And this is the principle which is repudiated in the case under consideration. I have a distinct recollection, that the point was first suggested by the
 
 *782
 
 lamented Justice Story,' and was discussed, and. the principle was laid down, with the entire concurrence of the court, so far as I know. There was no dissent expressed, either in consultation or on the bench.
 

 It is true .theré was another ground on which the decision was rested; but it was also placed upon this ground, so that one ground as well as the other was ruled by the court. In the case of Ross, the court say, — “ The saving clause of the act of 1792, as to non-residents, is repealed, the only effect of which is to bring within the limitation of the statute of 1792 those who were within its saving clause, and against whom the statute-had not begun to run. Against such persons the statute could not begin to operate, until the repeal of the exception by the act of 1826.” And that remark is-considered by the court, in the case before us, as having been made on general principles. Now such was the express provision of the act of Í826, that it should take effect from its date, and the remark was made in reference to that provision.
 

 There is no rule better settled, in the construction of statutes of limitations, than that effect must be given to them according to their language. If they make no exception in favor of infants, femes coverts, or non-residents,. the courts can make none. And when the exceptions of a statute of limitations are repealed, the act stands as though it had been originally passed without them. In Jackson
 
 v.
 
 Lamphier, 3. Peters, 28ti, the court say, — “ The time and manner of their operation, [statutes of limitations,] the exceptions to them, and the ácts ¿rom which the time limited shall hegin to run, will generally, depend on the sound discretion, of the legislature. Cases, however, may occur, where- the provisions of the law on these subjects may be so unreasonablé, as to amount to a denial óf a right, and to call.for'the interposition of the court. If thé legislature .of a. State should pass an act by.^fhich a past right of action shall be barred, and without any allowance of time for the institution of a suit in future', it would' be difficult to reconcile such an-act with the express constitutional provisions. in favor of the rights of private property-” It must. be admitted that the legislature could mot bar .a claim, to which there was no bar: .but ho one can doubt that a statute may bar claims where the right of action existed, and a reasonable part of the whole' time of the statute has to run. This is often done in some of the States. But, while it is not doubted .that the legislature may do this, it is objected that it cannot be done as a matter of construction.
 

 This objection is .more plausible than sound. The statute creates a bar, and the question arises on its construction, whether
 
 *783
 
 it is .“ so unreasonable as to amount to a denial of,a right,” in the language of this court’in the case above cited. • If the answer to this shall be in the affirmative,-then, in the language above cited, “ it would be difficult to reconcile such an act with the express constitutional provisions in favor of the rights of private property.” But if the question can be answered in the negative, then a court is bound to give effect to the statute. And here is an answer, in the words of this court, to the principal ground taken in thé case under consideration, and on which the decision is founded. If the court may determine whether a statute is so unreasonable as to cut off a private right, of necessity they may decide whether it is not so reasonable as to be enforced.
 

 In the case before us, the Illinois act of 1827 limits the right of action to sixteen years, and the proviso gives the same time to sue to a non-resident, after he. shall come within the State. But this proviso was repealed by the act of 1837, which placed residents and non-residents, as to the time of. bringing an action, on the samé footing. The plaintiff’s cause of action accrued. under the act of 1827.; in 1837, the saving being repealed, six years were left for the statute to run to bar the claim. Was this a reasonable time ? The answer must be in the affirmative. Then the act is not unconstitutional. It deprives the party of no right. In the language of the court in the case of Ross
 
 v.
 
 Duval, “ the time yet to run,(when the proviso was repealed,) being a reasonable part of the whole time, will be considered the limitation in the mind of the legislature, in such cases.” There can be no mistake as to the point decided by the court; and that point is directly opposed to the decision now made. In such cases, it is . always better to overrule - a former opinion directly, than to destroy its force by indirection. In their former opinion the court say, “ The rule is believed to be founded on principle and authority.”
 

 In statutes of limitations it is usual to say, they shall begin to run from the time the action shall hereafter accrue, and when.a saving of such act is repealed, that it shall operate from the date .of the repeal; and if these provisions be not in the acts, they will, as a matter of course, take effect upon their passage. They must take effect from their passage, unless the language shows the time is to be computed from the date of the act. Without this provision, the question would arise whether a reasonable part. of. the time allowed by the statute, from the time, the, action accrued, had yét to run, as béfore remarked..
 

 In Luckett
 
 v.
 
 Dunn and Bass, 3 Litt. 218, the court say, — “ But the privilege previously " allowed to persons who might be out of the country when their causé' ¡qf action, Or right of
 
 *784
 
 entry, accrued, to maintain their action within ten years after their"return, was expressly repealed by the first section of the act of January, 1814, which, by a!, subsequent clause in the third .section of the same act, was to take effect at the. expiration of six months from its passage ; and it was not until more than a year after the passage of that act, that this suit was brought by Luckett in the Circuit Court. It is obvious, therefore; that the absence of Buckner Pittman cannot have prevented the time which has ¿lapsed since the lot had been'held adversely by the defendants, and those through whom they claim, from barring the plaintiff’s action.
 

 The rule of so construing a statute as riot to give it a retrospective effect is admitted. Arid a legislature can never be presumed to intend to destroy a vested right. Indeed, they have no power to pass such a law. But a law may be- constitu--tional, and yet have a retrospective effect. Matthewson
 
 v.
 
 Satterlee, 2 Peters, 380. In the case under examination, it is not proposedvto. give the statute a retrospective effect, or to affect in any degree vested rights by a construction of it.'. The only question is, whether the six years that the statute had to run, on the repeal of the saving, is a reasonable part of the whole time required by the act to constitute a bar. The plaintiff, though not a resident of the State, might have sued so soon as the right of action accrued..
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District} of Illinois, and on the print or question on which-the judges of the said Circuit Court were opposed in opinion, and. which was certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel, On ..consideration whereof, it is the- opinion of this court, that the statute of 1827 begins to run from the time of the repeal of the saving clause in 1837, and not before. Whereupon, it is now here ordered and adjudged by this court, that it be so certified to the said Circuit Court.