[No. 3450–2.   Division Two.   December 18, 1979.]

JOYCE E. TORKELSON, *Appellant,* v. RAYMOND ROERICK,
ET AL, *Respondents.*

*Terry L. Paine,* for appellant.

*Robert O. Conoley* and *Lane, Powell, Moss & Miller,* for respondents.

SOULE, J.—Joyce Torkelson has appealed the order of the trial court granting defendants' motion for summary judgment holding that the statute of limitation barred her tort claim. We affirm.

On December 1, 1970, plaintiff was injured in an automobile accident which she claims was caused by defendants' negligence. At this time she was 18 years old. Unless tolled by another statute, the applicable statute of limitation is 3 years from the date of the accident. RCW 4.16.080(2). The only facts relevant to plaintiff's appeal are contained in the following chronology:

| | |
|---|---|
| May 14, 1970 | RCW 26.28.010 amended granting 18–year–olds the right to bring suit. (Later recodified as RCW 26.28-.015(6)) |
| October 6, 1970 | Plaintiff's 18th birthday |
| December 1, 1970 | Date of the accident |
| August 9, 1971 | RCW 4.16.190 amended to toll the statute of limitation until the minor's 18th birthday |
| October 6, 1973 | Plaintiff's 21st birthday |
| December 1, 1973 | Three years from the date of the accident |
| August 9, 1974 | Three years from the effective date of the amended tolling statute |
| October 4, 1976 | Plaintiff files suit |
| October 6, 1976 | Three years after plaintiff's 21st birthday |

At the time of the accident, RCW 4.16.190 tolled the statute of limitation until the minor's 21st birthday.[1] This

---

[1]Prior to 1971 RCW 4.16.190 read in part as follows:

"If a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued . . . under the age of twenty one . . . the time of such disability shall not be a part of the time limited for the commencement of action."

statute was amended effective August 9, 1971. *See* Laws of 1971, 1st Ex. Sess., ch. 292, § 74, p. 1653. The amended statute now tolls the statute of limitation only until the minor's 18th birthday.[2] Plaintiff argues that the tolling statute in effect at the date of the accident, not the amended statute, applies to her claim. As such, she had until October 6, 1976, 3 years after her 21st birthday, to file suit. She argues that to apply the amended tolling statute to her, which went into effect several months after her claim arose, would result in an improper repeal of the 21-year-old tolling statute by implication. We disagree and hold that the new tolling statute began to apply to plaintiff on its effective date of August 9, 1971. Thus, the 3-year statute of limitation began to run against her claim on this date, and plaintiff had until August 9, 1974, to bring suit.

■ It is well accepted that statutes of limitation and other statutes providing exceptions to them are to be given prospective application only. *E.g., O'Donoghue v. State,* 66 Wn.2d 787, 790, 405 P.2d 258 (1965); *Lane v. Department of Labor & Indus.,* 21 Wn.2d 420, 423, 151 P.2d 440 (1944). However, a new statutory limitation may operate on a claim that has accrued prior to the amendment of the statute of limitation by beginning to run as of the effective date of the amended statute. *Earle v. Froedtert Grain & Malting Co.,* 197 Wash. 341, 346-47, 85 P.2d 264 (1938); *Hanford v. King County,* 112 Wash. 659, 661-62, 192 P. 1013 (1920) (citing *Sohn v. Waterson,* 84 U.S. (17 Wall.) 596, 21 L. Ed. 737 (1873)). *See also Carscadden v. Territory of Alaska,* 105 F.2d 377 (9th Cir. 1939); *O'Donoghue v. State, supra; Baer v. Choir,* 7 Wash. 631, 638, 32 P. 776 (1893).[3] Such an

---

[2]RCW 4.16.190 as amended provides in pertinent part:

"If a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued . . . under the age of eighteen . . . the time of such disability shall not be a part of the time limited for the commencement of action."

[3]Under the cited authorities the problem of repeal by implication discussed in *Stephens v. Stephens,* 85 Wn.2d 290, 534 P.2d 571 (1975) does not exist.

interpretation is not held to be a retroactive application of a new statute since the critical date is the effective date of the amended statute, not the date on which the claim arose. Therefore, the full time allowed by the new statute is available to the plaintiff. *See Earle v. Froedtert Grain & Malting Co., supra; Hanford v. King County, supra.* Likewise, when an exception to a statute of limitation is amended or repealed, the new limitation or exception begins to apply at the effective date of the new tolling statute. *Lewis v. Lewis,* 48 U.S. (7 How.) 776, 12 L. Ed. 909, 911 (1849); *Jones v. Coal Creek Mining & Mfg. Co.,* 180 S.W. 179, 183 (Tenn. 1915). *See also* 51 Am. Jur. 2d *Limitations of Actions* § 142 (1970).

We hold that the amended tolling statute began to apply to plaintiff on its effective date of August 9, 1971. Since plaintiff was 18 years old on that date, the statute of limitation was no longer tolled in her favor, and she had until 3 years from the effective date of the amended tolling statute to file suit. Since she did not bring her action prior to August 9, 1974, her claim is barred by the statute of limitation.

The order of the trial court granting defendants' motion for summary judgment is affirmed.

REED, A.C.J., and PETRIE, J., concur.