Roy KOTVAL, Appellant,

v.

John N. GRIDLEY, III, Appellee.

No. 82–1355.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1982.
Decided Jan. 18, 1983.

---

Michael E. Unke, Salem, S.D., for appellant.

Michael L. Luce, Carleton R. Hoy, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, and BRIGHT and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

This is an appeal from an order of dismissal of plaintiff's claim for professional malpractice against a South Dakota attorney. The United States District Court for the District of South Dakota, the Honorable John B. Jones presiding, held that the claim was barred by the state statute of limitations. We must respectfully disagree. We reverse and remand for further proceedings.

This malpractice action stems from a suit in state court in South Dakota for damages from injuries sustained by Roy Kotval in a motor vehicle accident. The state court jury returned a verdict for Kotval for $4,500.[1] Judgment was thus entered for $4,500, and notice of entry of the judgment was given to Kotval's attorney on September 29, 1975. On December 11, 1975, Kotval, dissatisfied with the amount of the verdict, hired another attorney, John N. Gridley III, to appeal the case to the South Dakota Supreme Court. Kotval paid Gridley $500 for the cost of the appeal; unknown to Kotval, however, Gridley failed to perfect the appeal. In December 1976, after the time for appeal had lapsed, Kotval was notified by the clerk of the South Dakota Supreme Court that no appeal had been filed.

1. Kotval, in a pro se "amended brief on appeal," claims that his losses from the car accident, including personal injury and property damages as well as loss of earnings, exceed $100,000.

In October 1978 Kotval, at that time a resident of Wisconsin, sued Gridley, a resident of South Dakota, for malpractice in the United States District Court for the Western District of Wisconsin. The action was dismissed on jurisdictional grounds; the court found venue was improper because Gridley lacked sufficient contact with that district.[2] The attorney handling the suit apparently made no motion under 28 U.S.C. § 1406(a) (1977) to transfer the action to another district court. The United States Court of Appeals for the Seventh Circuit affirmed the dismissal on October 9, 1980. 639 F.2d 785 (7th Cir.1980).

On April 22, 1981, about six months after the dismissal was affirmed, Kotval filed this malpractice action against Gridley in the United States District Court for the District of South Dakota. In 1975, at the time Kotval's cause of action accrued, the limitations period in South Dakota applicable to legal malpractice actions was six years from accrual of the cause of action. S.D.Comp.Laws Ann. § 15–2–13 (1967). The suit was timely filed under this limitations statute.[3]

However, the district court applied a three-year statute of limitations that became effective July 1, 1977, and held that Kotval was barred from bringing his claim. The new statute of limitations, S.D.Comp. Laws Ann. § 15–2–14.2 (Supp.1982), states: "An action against a licensed attorney, his agent or employee, for malpractice, error, mistake or omission, whether based upon contract or tort, can be commenced only within three years after the alleged malpractice, error, mistake or omission shall have occurred. *This section shall be prospective in application.*" (Emphasis added.) The district court judge stated:

It is my opinion that the language of [this] statute that it is "prospective" means that no malpractice period of limitation can be less than three years from the effective date of the statute. It is my opinion that the statute of limitations in this case expired three years after July 1, 1977 or July 1, 1980.[4]

The fundamental issue on appeal is whether plaintiff's claim is controlled by the six-year statute, which was in effect at the time his claim accrued, or the three-year statute, which was in effect when he brought this suit.

■ Contrary to the district court's decision, we find that the six-year limitations period controls this action. The express language of the new statute of limitations, S.D.Comp.Laws Ann. § 15–2–14.2 (Supp. 1982), that "[t]his section shall be prospective in application" dispels any notion that

2. An affidavit filed by Kotval in December 1978 in support of his brief in opposition to Gridley's motion to dismiss for lack of jurisdiction states:

That plaintiff [Kotval] tried for three years to locate an attorney licensed to practice in South Dakota who would sue defendant, a prominent South Dakota lawyer, for malpractice; but, although he tried in person, by letter, and by phone and through a friend to find such a lawyer, or even a lawyer who would work with an out-of-state lawyer on such a case, it was impossible to find such legal representation....

3. There is some dispute as to what the actual accrual date of the cause of action is. S.D. Comp.Laws Ann. § 15–26–2 (1967), in effect at the time, stated: "An appeal from the judgment must be taken within one hundred twenty days after the judgment shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party."

The judgment on the jury verdict is dated September 29, 1975, and notice of entry was

given to the attorney representing Kotval at the time. Gridley states, however, that judgment was not filed until February 2, 1976, and that the state court file does not contain a certificate of service with respect to that judgment and notice of entry.

Whether the cause of action arose in January 1976, 120 days after the September 29, 1975, date of the judgment and notice of entry, or later, Kotval's action in federal district court in South Dakota, filed April 22, 1981, was timely filed under a six-year statute of limitations. At most, the suit was brought less than five and one-half years after accrual of the cause of action.

4. No. 81–4064, slip op. at 3 (D.S.D. Feb. 22, 1982). The district court additionally found that the 1978 filing and the pendency of the malpractice action in federal court in Wisconsin and the Seventh Circuit did not toll the statute. Because of our holding, we do not find it necessary to reach this issue.

the South Dakota state legislature may have intended retroactive operation of the new three-year period for bringing legal malpractice actions.[5]

Nevertheless, ambiguity remains despite this express statement of legislative intent. There exists a division of authority as to the meaning of "prospective" application of a newly enacted statute of limitations. One view is represented by the district court's holding in this case. The new shortened limitations period under this interpretation is held applicable to a preexisting cause of action, but the new statutory period runs from the effective date of the new enactment, not the accrual date of the cause of action. This view, however, has received limited support. *See Carscadden v. Territory of Alaska,* 105 F.2d 377, 380 (9th Cir. 1939); *Greenhalgh v. Payson City,* 530 P.2d 799, 803 (Utah 1975);[6] *Torkelson v. Roerick,* 24 Wash.App. 877, 604 P.2d 1310, 1311 (1979);[7] *cf. James v. Home Construction Co.,* 621 F.2d 727, 728–29 (5th Cir.1980) (congressional intent was that Truth-In-Lending Act's statute of limitations, which did not replace any preexisting limitations period, was to be applied prospectively to preexisting causes of action running from the statute's effective date).

The greater weight of authority, however, construes the term "prospective" in this context much differently. Under this view a newly passed statute shortening the limitations period and designated by the legislature to be prospectively applied is found to govern only causes of action arising after the effective date of the new limitations period; claims accruing prior to the effective date but sued upon after such date are controlled by the limitations period in force on the date the cause of action accrued. *Doran v. Compton,* 645 F.2d 440, 451 (5th Cir.1981) (Texas law); *Watkins v. Barber-Colman Co., Inc.,* 625 F.2d 714, 717 (5th Cir.1980) (Georgia law); *Greene v. Green Acres Construction Co.,* 36 Colo.App. 439, 543 P.2d 108, 110 (1975); *Valenzuela v. Mercy Hospital,* 34 Colo.App. 5, 521 P.2d 1287, 1289 (1974); *Foley v. Morris,* 339 So.2d 215, 217 (Fla.1976); *Martin v. Clem-*

---

**5.** If an amendment shortening a statute of limitations is intended to apply retrospectively, the limitations period in force at the time suit is brought is applicable to the cause of action, and runs from the accrual or occurrence date, although such date precedes the effective date of the limitations statute in force. Such retroactive application is constitutional so long as a plaintiff is not suddenly cut off from bringing an action, but is given a reasonable opportunity after the effective date of the statute to bring suit before his claim is absolutely barred by the new enactment. *See Horn v. Burns and Roe,* 536 F.2d 251, 253 n. 4 (8th Cir.1976); *Educational Service Unit No. 3 v. Mammel, Olsen, Schropp, Horn & Swartzbaugh, Inc.,* 192 Neb. 431, 433–34, 222 N.W.2d 125, 127 (1974).

**6.** In *Greenhalgh,* although a new statute shortening the limitations period said that the act "shall not be construed to be retroactive," the Utah court declared:

It is well established that the legislature may reduce a period of limitations and apply a new and shorter period to previously accrued causes of action, so long as a reasonable time is allowed to bring such an action; and that the effect of the new statute commences upon the effective date of the statute. The result of this is actually prospective in that the statutory change relates to procedure to occur in the future.

530 P.2d at 803.

In an earlier Utah case, the court explained:

The question of retroactivity is not involved in this case at all. The retroactivity argument has to do with legislation that at the time of enactment chops off forever a right subsisting under a previous statute at the chop-off time. In the instant case the right asserted was not chopped off at all, but the time to assert it may have been shortened.

. . . .

We believe the new statute of limitations provided for a reasonable time within which to commence causes of action which accrued prior to its enactment. The six months' statute of limitations, provided for by the statute before us, operates in futuro from June 10, 1931, [and] governs with respect to respondent's preexisting cause of action . . . .

*Day & Night Heating Co. v. Ruff,* 19 Utah 2d 412, 432 P.2d 43, 44 (1967).

**7.** The Washington court in *Torkelson* declared: "Such an interpretation is not held to be a retroactive application of a new statute since the critical date is the effective date of the amended statute, not the date on which the claim arose. Therefore, the full time allowed by the new statute is available to the plaintiff." 604 P.2d at 1311.

*ents,* 98 Idaho 906, 575 P.2d 885, 887 (1978); *Miller v. Fallon,* 134 Me. 145, 183 A. 416, 417–19 (1936); *Weiss v. Bigman,* 84 Mich. App. 487, 270 N.W.2d 5, 8 (1978); *Penrod v. Hoskinson,* 170 Mont. 277, 552 P.2d 325, 326–28 (1976); *Mid-Continent Casualty Co. v. P & H Supply, Inc.,* 490 P.2d 1358, 1361 (Okl.1971); *Bower Trucking and Warehouse Co. v. Multnomah County,* 35 Or.App. 427, 582 P.2d 439, 442 (1978); *Gutter v. Seamandel,* 103 Wis.2d 1, 308 N.W.2d 403, 411 (1981).

■ Although we give great deference to a trial court's determination of state law, we are compelled to reverse when its reasoning does not comport with decisions of the state supreme court and does not follow what we regard as the better reasoned holdings. The district court's determination of state law is not binding on this court. *Luke v. American Family Mutual Insurance Co.,* 476 F.2d 1015, 1019 & n. 6 (8th Cir.1973).

■ No South Dakota case has been found specifically detailing how a newly enacted, prospectively intended statute of limitations is to be applied. Other South Dakota decisions, however, have analyzed the prospective or retrospective application of other types of new statutory enactments. A study of these cases reveals cumulative support for the view held by the greater weight of authority that a cause of action arising before the effective date of a prospectively intended, shortened limitations period is entirely controlled by the earlier limitations statute regardless when suit is brought. We thus conclude that the six-year limitations period in effect on the accrual date governs this claim.

■ The South Dakota Supreme Court, in *In re Estate of Scott,* 81 S.D. 231, 133 N.W.2d 1, 3 (1965), quoted from an earlier South Dakota case a definition of a "prospective" law: " 'It is always to be presumed that a law was intended, as its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment.' " Although the phrase "cases arising subsequent to its en-

actment" could be construed to mean either causes of action accruing after the effective date of a new statute, or lawsuits filed subsequent to such date, it seems clear from the context of both the *Scott* decision and other South Dakota cases that the court was declaring that a prospective law is not to be applied to claims or causes of action accruing before the new statute's effective date.

In *Scott,* an amended statute allowed a state veterans' home to file maintenance claims against the estate of certain deceased members for $75 for each month the member stayed in the home. Before the effective date of the amendment, there was no provision for such claims. Despite the facts that the decedent Scott died after the effective date of the amendment and the Home filed its claim for him after such date, the court held that because the amendment was intended to have only prospective effect, all allowances were rejected for claims accruing prior to July 1, 1961, the effective date of the amendment. 133 N.W.2d at 1–3. The court discussed and relied upon three South Dakota cases concerning certain sales of real property; these cases each held that the applicable amended statute was prospective and thus did not apply to sales made before their effective date, although "[a]s a question of grammar, the phraseology of this law may include tax sales made prior to its passage...." 133 N.W.2d at 3.

In *Brookings County v. Sayre,* 53 S.D. 350, 220 N.W. 918, 920 (1928), the court indicated that because a new statutory provision concerning recovery of county petition costs was not intended to have retroactive effect, it would not be applied to causes of action arising before the effective date of the statute.

The court in *State ex rel. Strenge v. Westling,* 81 S.D. 34, 130 N.W.2d 109, 111 (1964), rejected application of the theory that "a statute does not operate retroactively merely because it relates to antecedent facts and events, or because part of the requisites for its application occurred before its passage." The court found that a valid

election before the effective date of the statute involved had given the city council certain authority, and that such substantive right is "more than an antecedent fact or event." *Id.* The court then adopted the following definition of "retrospective": "A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." *Id.*[8]

As to the language of S.D.Comp.Laws Ann. § 15–2–14.2 (Supp.1982), it expressly specifies that the limitations period should run from the occurrence date of the alleged malpractice: "An action ... can be commenced only within three years after the alleged malpractice, error, mistake or omission shall have occurred." To apply prospectively this section as legislatively mandated, and yet apply the new three-year limitations period effective from the enact-

ment date of the new statute as the district court did, requires a court to judicially legislate to deem the statute's effective date as the occurrence date.[9] *See United States v. Lindsay,* 346 U.S. 568, 569–70, 74 S.Ct. 287, 288, 98 L.Ed. 300 (1954).

Gridley seeks support for the district court's construction of "prospective" from S.D.Codified Laws Ann. § 2–14–25 (1980) which provides:

> *Limitation periods beginning before code.* When a limitation or period of time prescribed in any existing statute for acquiring a right or barring a remedy or for any other purpose had begun to run before the code of laws enacted by § 2–16–13 took effect and the same or any limitation was prescribed in such code, the time which had already run is deemed part of the time prescribed in such limitation by such code.

Although this statute refers to "any limitation" prescribed in newly enacted laws,

---

**8.** Other South Dakota cases concerning amendments to statutes include *Boehrs v. Dewey County,* 74 S.D. 75, 48 N.W.2d 831 (1951) (later statute amending earlier statute providing for payment of taxes by installment did not affect contract made under earlier statute); *Duster v. Gregory County,* 63 S.D. 20, 256 N.W. 145, 146 (1934) (court refused to retroactively apply 1933 amendment, "under the guise of 'interpreting' the prior law," to a cause of action arising in 1932); *Dakota Central Telephone Co. v. Mitchell Power Co.,* 45 S.D. 462, 188 N.W. 750, 751 (1922) (court retroactively applied amendment to a cause of action arising before effective date of provision because change was "merely one of remedy"); *cf. Clark Implement Co. v. Wadden,* 34 S.D. 550, 149 N.W. 424 (1914). In *Clark,* a certificate of foreclosure sale was executed before a statutory amendment went into effect which required notice to holders of redemption rights. However, the period of redemption applicable to the transaction did not expire until after the effective date of the amendment. The court stated:

> It is conceded that this amendment controls as to all foreclosures *commenced* subsequent to the time when such amendment went into effect.
>
> . . . .
>
> ... [W]e think it clear that, to apply the provisions of the amendment of 1909 to a sale theretofore held does not render such law retroactive in its effect.... The amendment neither "imposes a new duty," nor "attaches a new disability in respect to transac-

tions or considerations *already past"* but simply imposes a new duty in respect to a *present and future right.* In this amendment cannot be found a single one of the elements necessary to make it retrospective in its terms.

149 N.W. at 424, 425.

*But cf. City of Plankinton v. Kieffer,* 69 S.D. 597, 13 N.W.2d 298, 300 (1944). When construing an amendment shortening the time for appeal, the *Plankinton* court quoted language from a North Dakota case appearing to support the district court's construction of the term "prospective." In *Northwest Finance Co. v. Bottum,* 70 S.D. 73, 14 N.W.2d 492, 492–93 (1944), however, the South Dakota Supreme Court limited the *Plankinton* holding and distinguished the North Dakota case.

**9.** *Cf. Cook v. Soltman,* 96 Idaho 187, 525 P.2d 969, 971 (1974), in which the court stated:

> The statute of limitations as it applies to malpractice actions was amended on July 1, 1971, and the question arises as to the applicable statute in this action in which the alleged malpractice occurred on June 22, 1962, and the action was filed on September 28, 1972. *Both statutory provisions state that the two year limitation commences to run from the date of the wrongful act making the statute that was in force before the amendment applicable unless the new statute is retroactive.* (Emphasis added.)

the statute can only have been intended to detail the application of newly enacted statutes of limitations intended to have *retroactive* effect. The statute basically says not only to apply the new limitations period to causes of action that arose before the passage date of the new statute, but additionally to start the new limitations period running from the occurrence or accrual date. Under either method of interpreting "prospectively" intended statutes of limitations, this would be impossible to do.[10] The specific statutory language of section 15–2–14.2 applicable to legal malpractice actions mandating prospective effect must prevail over the generally applicable language of section 2–14–25. *See* S.D.Codified Laws Ann. § 2–16–16 (1980 & Supp.1982) (newly enacted statutes which are inconsistent with old code prevail).

In support of the district court's holding, Gridley also points to language used in the South Dakota products liability statute of limitations enacted one year after section 15–2–14.2 was passed. The products liability statute, effective July 1, 1978, bars actions six years from product delivery, and states that "[t]his section shall not apply to causes of action which have arisen prior to July 1, 1978." S.D.Comp.Laws Ann. § 15–2–12.1 (Supp.1982). Gridley argues that the legislature was able to express itself clearly when it intended a newly enacted statute of limitations to have effect only on causes of action accruing subsequent to the statute's

effective date. There is no indication, however, that the legislature did not mean exactly the same thing with its language that "[t]his section shall be prospective in application." No other amended statute of limitations appears to contain the specific and detailed accrual language appearing in the products liability statute.[11]

Kotval did not sleep on his rights after the alleged malpractice by Gridley. To the contrary, less than two years after Kotval was notified that the time for his appeal had passed, he sued Gridley in federal court in Wisconsin where Kotval was a resident. Kotval claims he was unable to find a South Dakota licensed attorney to sue Gridley in South Dakota because of Gridley's prominence as an attorney. Within six months after the United States Court of Appeals for the Seventh Circuit affirmed dismissal of the Wisconsin suit, Kotval filed the present action in federal court in South Dakota.[12]

We thus find that the six-year statute of limitations in effect for legal malpractice actions when Kotval's cause of action accrued is applicable. Therefore this suit, filed less than five and one-half years after accrual of the cause of action, is not barred by the statute of limitations.

The judgment of the district court is reversed and the case is remanded for further proceedings.

---

10. It is readily apparent that this statute, section 2–14–25, would not permit causes of action accruing *before* the passage date of a new statute of limitations to be excluded from that statute's effect, as one construction of "prospective" requires. Moreover, this provision mandates running the new limitations period from the occurrence or accrual date, not from the effective date of the new statute as the other interpretation of "prospective" directs.

11. In another statute of limitations enacted in 1977, the same year as section 15–2–14.2 was passed, the legislature employed language similar to that used in section 15–2–14.2. *See* S.D. Comp.Laws Ann. § 15–2–14.1 (Supp.1982) ("This section [statute of limitations for medical malpractice actions] shall be prospective in application only.") Moreover, Gridley's argument can be reversed and used contrary to his position. If the legislature had intended to be-

gin running the new shortened limitations period from the effective date of the new statute for preexisting causes of action, it likewise could have spelled this out. *See, e.g., Chodakowski v. Piper,* 120 N.H. 330, 414 A.2d 1295, 1296 (1980) (new statute shortening limitations period stated that "this chapter applies to causes of action occurring prior to its effective date upon which no action has been instituted as of its effective date except that the time for bringing such actions as specified in RSA 507–C:4 shall be computed from the effective date of this chapter.")

12. Under the district court's interpretation of "prospective," the newly enacted statute of limitations barred Kotval's case on July 1, 1980. The Seventh Circuit did not affirm dismissal of the Wisconsin suit until October 9, 1980.