**Terry REYNOLDS, Plaintiff–Appellant,**

**v.**

**HEARTLAND TRANSPORTATION, Defendant–Appellee.**

**No. 87–5358 MN.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1988.

Decided June 14, 1988.

Jeanne L. Sathre, Wood River, Ill., for plaintiff-appellant.

Thomas F. Eagleton, St. Louis, Mo., for defendant-appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

Appellant, a seaman, brought suit on February 4, 1987, under general maritime law for injuries sustained almost seven years earlier,[1] alleging unseaworthiness of the vessel. The District Court [2] held that the action was barred by the three-year statute of limitations contained in 46 U.S.C. App. 763a,[3] as well as by laches. We affirm.

---

* The Honorable Edward Dumbauld, Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1. On March 28, 1980.

2. The Honorable Diana E. Murphy, of the District Court of Minnesota, Fourth Division.

3. This section, enacted by the Act of October 6, 1980, 94 Stat. 1525, reads:

Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

It is obvious from the dates that appellant's injuries (on March 24, 1980) occurred before the enactment of Section 763a (on October 6, 1980). But it is also obvious that by the time appellant sued (on February 4, 1987) he had permitted the entire three year period specified in Section 763a to pass.[4] Clearly he had had a reasonable opportunity to sue (after the enactment of this statute of limitations) *before* the three year statute could have operated to cut off his action.

■ We believe that such a reasonable opportunity to sue before the statute could have foreclosed his suit suffices to prevent application of the statute to his case from being retroactive and unconstitutional.

The language of Section 763a, referring to a suit's being "maintained" shows that it is a procedural statute, referring to remedy and not to right.[5] The language is also in plain terms inclusive in its scope. It does not make any exception in its coverage for pre-enactment injuries. The only reason for exempting appellant's suit from the application of Section 763a would be to preserve his constitutional right to a reasonable time to sue before the bar of the statute became operative. *Lewis v. Lewis*, 48 U.S. (7 How.) 776, 778–79, 12 L.Ed. 909 (1849); *Sohn v. Waterson*, 84 U.S. (17 Wall.) 596, 596–600, 21 L.Ed. 737 (1873). Under the circumstances he had ample time for that purpose. We agree with the Fifth Circuit's ruling in *Cooper v. Diamond M Co.*, 799 F.2d 176, 178 (5th Cir.1986) cited in the District Court's opinion.

A litigant has no vested right to maintenance forever of the *status quo* existing at the time of his injury with respect to the time within which a legal remedy remains available. If it were otherwise no statute of limitations could ever become effective (as litigants would enjoy an unlimited time for suit after the statute of limitations had been enacted).

The same principle precludes any vested right to the perpetual continuance of the remedy provided by the doctrine of laches as existing at the time of the injury.

Moreover the circumstances of the case at bar justify the District Court's holding that laches bars recovery by appellant (even if length of time alone does not support a finding of laches).

In the case at bar appellant engaged in numerous actions negating a serious and diligent intention to pursue available legal remedies.

In June, 1980, three months after his injury, appellant filed suit in State court in Illinois. This proceeding was dismissed on appellee's motion in December, 1980, on grounds of *forum non conveniens*. Subsequently another action in Illinois State court was filed by appellant, but it was voluntarily dismissed by the appellant in September, 1985. Thereafter nothing was done by appellant to prosecute his claim until February 24, 1987 when the present suit was filed.

■ Laches is an equitable doctrine and the courts will "examine all aspects of the equities affecting each case." *Goodman v. McDonnell Douglas Corp.*, 606 U.S. 800, 806 (8th Cir.1979).[6] The same case holds that the period prescribed in an analogous statute of limitation is a rough rule of thumb in considering the question of laches, and constitutes a pertinent factor in

---

**4.** This is true even if one counts the pendency of appellant's State court litigation as tolling the statute. See note 1 of the District Court's order. Without that adjustment it would seem that twice the period of limitation prescribed by the statute had been permitted by appellant to elapse without any showing of diligence.

**5.** Goodrich, Handbook of the Conflict of Laws (4th ed. by Eugene F. Scoles, 1964) 152–55; *Butler v. Dravo Corp.*, 310 F.Supp. 1265, 1266 (W.D.Pa.1970); *Hopt v. Utah*, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884); *Sturges v.* *Crowninshield*, 17 U.S. (4 Wheat.) 122, 200–201, 4 L.Ed. 529 (1819).

**6.** As stated in *Gardner v. Panama Railroad Co.*, 342 U.S. 29, 30, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951), "the existence of laches is a question primarily addressed to the discretion of the trial court," and we find no abuse of discretion in its decision here. See also *Goodman, supra*, 606 F.2d at 808–809; and *Azalea Fleet, Inc. v. Dreyfus Supply & Machinery Corp.*, 782 F.2d 1455, 1458 (8th Cir.1986).

evaluating the equities. *Ibid.*, at 805.[7] The long delay in the case at bar, and appellant's failure to demonstrate any persuasive reason for such lack of diligence in prosecuting its claim, justify the District Court's conclusion that appellant's delay in filing its suit was unreasonable. We find no error in the District Court's evaluation of the equities, or its conclusion that appellant's suit is barred under the doctrine of laches, as well as by the express statutory bar of Section 763a.

Accordingly, the judgment of the District Court is

AFFIRMED.

---

**7.** See also *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 229, 78 S.Ct. 1201, 1206, 2 L.Ed.2d 1272 (1958) [Brennan, J. concurring].