Victor LEOS, Petitioner,

v.

**WORD INDUSTRIES PIPE FABRICATING, INC., Vigilant Insurance Company, and the Workers' Compensation Court, Respondents.**

No. 72363.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 5, 1989.

Rehearing Denied Oct. 16, 1989.

Certiorari Denied March 5, 1990.

Thomas Whalen, Tulsa, for petitioner.

Thomas E. Steichen, and, Jo Anne Deaton, Tulsa, for respondents.

## MEMORANDUM OPINION

GARRETT, Presiding Judge.

Petitioner, Victor Leos (Claimant), filed his Form 3 in the Workers' Compensation Court on December 9, 1987, alleging he sustained an accidental injury arising out of his employment with Respondent, Word Industries Pipe Fabricating, Inc. (Employer). Claimant alleged he sustained a hearing loss in both ears from exposure to excessive noises from "hammers, arc welding, grinders, chatter guns, etc." His Form 3 shows January 2, 1984, as the last date worked for Employer. The claim was denied by the trial court on December 15, 1988, per order filed December 19, 1988. The court found the claim was barred by the statute of limitations. Claimant has filed this review proceeding directly from that order.

There is only one proposition of error. Claimant contends that the statute of limitations (85 O.S.1981 § 43) and the amended statute of limitations [85 O.S.Supp.1985 § 43(A) ] were tolled by operation of 85 O.S.1981 § 8 due to the failure of Employer to advise him of his right to file a workers' compensation claim. Employer points out that 85 O.S.1981 § 8 was repealed, effective July 15, 1985, and contends the repealed statute may not thereafter be used to avoid the limitations period in § 43 or § 43(A).

Employer gave Claimant a hearing test in December, 1983. Although Claimant testified he was not given the results of the test, he did ask the nurse at the time if it was bad and the nurse told him that it was "real bad." The nurse did not tell him what was causing it to be bad and no one representing Employer ever told him of his right to file a workers' compensation claim for hearing loss. He also testified: he was exposed to loud noise in his work as a welder; he worked inside all of the time; and, the equipment producing the noise was "chatter guns and electric welding machines and hammers and what-not." He stated his foreman told him to take the hearing test, which was given in a van brought to Employer's premises.

Under the awareness doctrine relating to cumulative effect injuries, such as hearing loss, the Supreme Court, in *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okl. 1976), held: the statute of limitations does not begin to run until the claimant is aware of the injury and is aware of the causal connection between the injury and the employment. *Munsingwear* has been recently redefined by the Supreme Court in the case of *Coy v. Dover Corporation/Norris Division et al.*, 773 P.2d 745, 747 (Okl. 1989). The Court stated:

> The statute of limitations begins to run against a claim for compensation for cumulative injuries resulting in hearing loss when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment....

Because the evidence showed that the claimant in *Coy* knew his hearing loss could have been caused by his employment, the Supreme Court held the statute of limi-

tations began to run when he acknowledged the results of his hearing test, thus barring his claim.

We find, absent tolling under 85 O.S.1981 § 8 (Repealed July 15, 1985), the statute of limitations began to run when Claimant became aware of the results of the test given on Employer's premises. He knew he was exposed to loud noises and that his foreman requested that he take the test. Therefore, the date of his awareness of the injury and the causal connection was in December, 1983. We also charge Employer with notice of the hearing loss at the same time.

■ The statute of limitations for filing claims in the workers' compensation court was amended effective November 1, 1985. In that amendment, specifically 85 O.S. Supp.1985 § 43(A), the Legislature abrogated the awareness doctrine as to all but certain specified diseases, and required workers' compensation claims with respect to disease or injury caused by repeated trauma to be filed within two (2) years from the date of last trauma or hazardous exposure. Employer contends the claim is barred under the amended statute. Apparently the trial court applied this statute, holding that the claim was barred because it was not filed within two years of the date of his last exposure to noise.

Claimant's right to file a claim accrued in December, 1983, when he first became aware of a hearing loss. At that time, the one-year statute of limitations, 85 O.S.1981 § 43, was applicable to this case, because his awareness was complete while it was still in effect.

However, 85 O.S.1981 § 8 (Repealed July 15, 1985) provided in part:

> In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed.

Pursuant to § 8 the statute of limitations was tolled until the date of its repeal. Did the repeal of § 8 cause the statute of limitations to commence to run? If so, the one-year period of limitations prescribed by the then effective § 43 commenced to run on the effective date of the repeal (July 15, 1985), and Claimant's claim was not time-barred on November 1, 1985. On that date the Legislative Act abrogating the awareness doctrine became effective. Also, the repeal of the one-year period of limitations in § 43, and the new two-year period specified in § 43(A) became effective.

In *B.F. Goodrich v. Williams*, 755 P.2d 676 (Okl.1988), the Supreme Court held, in such cases, where a claim was not time-barred on the effective date of the new statute [§ 43(A) ], the new limitation period of two years began to run on the effective date of the amendment (November 1, 1985). To reach its conclusion, the *B.F. Goodrich* Court held, in effect, that neither the claimant nor the respondent had a vested right in the period of limitation or the awareness doctrine.

■ Statutes of limitations are procedural and are not substantive. No rights vest in statutes of limitations until a claim is time-barred by a statute which governs it. The Legislature may shorten the period of limitation, leaving always a reasonable time within which to invoke a remedy for an existing cause of action, or may prolong the period of limitation where the right to plead it has not accrued. *B.F. Goodrich v. Williams*, supra; *Trinity Broadcasting Corp. v. Leeco Oil Company*, 692 P.2d 1364 (Okl.1984); *Case v. Pinnick*, 186 Okl. 217, 97 P.2d 58 (1939); *Mires v. Hogan*, 79 Okl. 233, 192 P. 811 (1920). Cf. *Knott v. Halliburton Services*, 752 P.2d 812 (Okl. 1988).

The general rule is that in the case of the repeal of an exception to the statute of limitations, the limitation period as to those persons affected by the exception and repeal thereof begins on the date of the repeal of the excepting clause. 51 Am. Jur.2d, *Limitation of Actions*, § 142; *Lewis v. Lewis*, 48 U.S. (7 How.) 776, 12 L.Ed. 909 (1849), cited with approval by the Oklahoma Supreme Court in *Huber v. Zimmerman*, 8 Okl. 573, 58 P. 737 (1899). See also *Torkelson v. Roerick*, 24 Wash.App. 877, 604 P.2d 1310 (1979). Claimant had no

vested right in the status quo, existing at the time of his injury, which affects the time within which a legal remedy remains available. See *Reynolds v. Heartland Transp.*, 849 F.2d 1074 (8th Cir.1988).

Title 85 O.S.1981 § 8 was procedural and not substantive. It related to the time within which Claimant's legal remedy remained available. It acted on the remedy and not on the right, and was a true statute of limitations. When § 8 ceased to exist, Claimant's right to derive a benefit from it ceased, and the existing statute of limitations began to run.

It is unnecessary to decide which statute of limitations is controlling. If the one-year limitation period (85 O.S.1981 § 43) applies, it began to run on July 15, 1985. If the two-year limitation period [85 O.S. Supp.1985 § 43(A)] applies, it began to run on November 1, 1985. Since Claimant's Form 3 was filed on December 9, 1987, the trial court correctly held it to be barred by the statute of limitations.

ORDER SUSTAINED.

HUNTER and MacGUIGAN, JJ., concur.